CARNEY v. MATTHEWSON.

Opinion delivered April 13, 1908.

1. USURY—PENALTY.—A stipulation in a note to the effect that if it is not paid at maturity it shall thereafter draw interest at a rate greater

than the statutory limit is regarded as a penalty; and as the debtor has it in his power to avoid paying the penalty by discharging the debt when due, such stipulation is held to be free from usury.

2. Same—compounding interest.—Taking a note which bears ten per cent. interest per annum and provides that if interest be not paid annually it shall become principal and bear the same rate of interest is not such a compounding of interest as would render the note usurious.

Appeal from Marion Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

Matthewson recovered judgment against Carney on a note, and the latter has appealed. The facts appear in the opinion.

*Sam. Williams,* for appellant.

The contract is usurious and void. Art. 19, § 13, Const.; Kirby's Digest, § § 5389, 5390-1; 34 Barb. (N. Y.), 157; 31 N. Y. 473; 44 Pa. St. 32; 26 Pa. St. 271; 26 Ga. 403; 29 S. W. 623.

*Woods Brothers,* for appellees.

The contract is not usurious. 54 Ala. 646; 38 Ala. 114; 54 Cal. 562; 91 Me. 340; 23 Pick. 167; 137 Ill. 443; 79 Ga. 213; 97 Ga. 329; 3 N. H. 40; 4 Yeates (Pa.), 220; 2 Heisk. (Tenn.), 46; 19 S. W. (Tex.), 443; 28 Fed. 265; 12 Pac. (Cal.), 255; 33 S. C. 142.

Hill, C. J. The sole question involved in this appeal is whether the contract evidenced by the following note was usurious:

"$300.00                    Yellville, Ark., Nov. 23, 1903.

"Twelve months after date I promise to pay to the order of Angel Matthewson three hundred dollars, for value received, negotiable and payable without defalcation or discount and with interest at the rate of 10 per cent. per annum; and if interest be not paid annually, to become as principal, and bear the same rate of interest. Interest and principal payable at Bank of Yellville. Secured by deed of trust, which is a second lien on 166x210 of ground in Sec. 9, Tp. 18 N., R. 17 W.

                                        "B. J. Carney."

This note was payable twelve months after date, and the interest upon the interest only became due, according to con-

tract, in the event payment was not made pursuant to the promise.

"Stipulations to the effect that if the debt be not paid at maturity it shall draw interest thereafter at a rate greater than the statutory limit are now generally regarded as penalties to induce prompt payment, and as the debtor has it in his power to avoid paying the penalty by discharging the debt when due, such agreements are held to be free from usury." 29 Am. & Eng. Enc. of Law, 507.; Webb on Usury, § 119.

"The true test is: Has the debtor the absolute right to discharge and satisfy the contract at maturity by paying the principal debt and lawful interest? If he has, the contract is not vitiated by providing for the payment of an additional sum." 29 Am. & Eng. Enc. of Law, 506.

This is in conformity with the principle announced in *Chaffee* v. *Landers,* 46 Ark. 364.

Moreover, this is not such a compounding as would render the note usurious. This subject is fully discussed in *Grider* v. *Driver,* 46 Ark. 50, and *First National Bank* v. *Waddell,* 74 Ark. 241.

Judgment affirmed.