Cox *v.* Darragh Company.

5-1150                                        299 S. W. 2d 193

Opinion delivered February 18, 1957.

[Rehearing denied March 25, 1957.]

*W. R. McHaney* and *Melvin E. Mayfield,* for appellant.

*J. Bruce Streett, James M. McHaney,* and *Owens, McHaney, Lofton & McHaney,* for appellee.

Paul Ward, Associate Justice. Appellee sued appellant on a promissory note. The only defense inter-

posed was usury. The case was tried before the Circuit Judge, sitting as a jury, and judgment was rendered in favor of appellee.

The sole question presented to us is whether there is substantial evidence to support the decision and judgment of the trial court.

The facts involved in this case, which in most part are undisputed, are substantially as hereinafter set out. Appellee, with its head office in Little Rock, Arkansas, is a corporation which owns and operates a feed store in Camden. The Camden store does business under the name of Darco Feed Mills. Ted Darragh is the Vice-President and General Manager of appellee corporation. Appellant, C. S. Cox, being indebted to the Camden store in the amount of $3,019.43 executed a note in that amount on August 4, 1954 to the Darco Feed Mills, with interest at the rate of 6 per cent per annum. It was agreed that appellant would pay the above amount in 6 monthly installments — the first 5 installments were to be $500 each and the last one to be $519.43, in addition to the interest which had accumulated when each successive installment became due. It was contemplated that appellee would calculate the amount of each monthly payment (including interest) and place the same on the back of the note. In fact the note itself refers to a "schedule on the back."

It was the contention of appellee in the trial below that a mathematical error was made in calculating the interest and in placing the erroneous figures on the back of the note. It is admitted that two or more of the interest calculations amounted to more than 10 per cent. Appellant paid the first and second installments as called for in the schedule, and he testified that on each occasion he protested to a Mr. Johnson (the manager of the Camden store) that he was being charged more than 10 per cent interest, and that on each occasion Mr. Johnson told him, in effect, that he would have to pay what the schedule called for.

Mr. Darragh's explanation of what happened is substantially as follows: When Mr. Darragh was told of

the transaction he called Mr. Lovett who was cashier of the Commercial National Bank in Little Rock and asked him to figure the interest; Mr. Lovett, who was busy at the time, said he would have his secretary make the calculations and call him in a short while; When the secretary called she gave Darragh the figures which were placed on the back of the note, and; That he assumed the figures were correct and did not check them personally. At the same time, according to Darragh's testimony, he had his secretary insert the above figures in a letter which he had already dictated to appellant. Darragh further testified that the matter of excess interest was not brought to his attention until about the first of December when he promptly wrote a letter to appellant and apologized for the error in the interest calculations, explaining a mistake had been made, and gave him the correct interest calculations.

The judgment of the trial court must be sustained if there is substantial evidence from which it could find that the first interest calculations were the result of a mistake and that there was not present at any time the intent on the part of appellee to charge more than 10 per cent interest. In the early case of *Garvin* v. *Linton*, 62 Ark. 370, 35 S. W. 430, 37 S. W. 569 (on rehearing), this court announced this rule:

"There can be no usury when the amount taken in the contract for interest in excess of ten per cent per annum was reserved through a mistake or ignorance of the fact that it was in such excess. If the lender, by mistake of fact, by error in calculation, or by inadvertance in the insertion of a date, contracts to receive an illegal rate of interest, 'such mistake, error or inadvertance will not stamp the taint of usury on such engagement, nor cause to be visited upon him, who did not knowingly and intentionally disregard the law in this behalf, the highly penal consequences of an usurious offense.' "

In the same case the court also said: "To constitute usury in this state, there must be an intention to take or receive more than 10 per cent per annum interest." Further on in the opinion the court, aftering comment-

ing on numerous other decisions, stated that it was sufficient to constitute usury if the lender alone had such intent. The plain rules above announced have never been revoked by this court but they have been approved. In the case of *Hinton* v. *Brown*, 174 Ark. 1025, 298 S. W. 198, at page 1027 of the Arkansas Reports, the court quoted with approval from the decision in the *Garvin* case, *supra*, to the effect that a mistake in charging an illegal rate of interest will not stamp the transaction with the taint of usury. In addition to the above this court in the case of *Temple* v. *Hamilton*, 178 Ark. 355, 11 S. W. 2d 465, announces the universally approved rule that "the burden of proof is upon the party who pleads usury to show that the transaction was usurious."

Under the factual situation in this case and in accordance with the legal principles above announced we must hold that the judgment of the trial court is sustained by substantial evidence, and the same is hereby affirmed.

Affirmed.

Justice GEORGE ROSE SMITH not participating.