HOLLAND *v.* C. T. DOAN BUICK Co.

5-1404                                              307 S. W. 2d 538

Opinion delivered December 9, 1957.

*Douglas Bradley,* for appellant.

No brief filed by appellee.

CARLETON HARRIS, Chief Justice. This appeal relates to whether a contract for the sale of an automobile was usurious. On September 11, 1955, Ode Holland, appellant herein, purchased from appellee a used Buick for the sum of $400. As down payment, he traded in a Hudson automobile for which he was allowed $100. Fire, theft, and other car insurance amounted to $46.10; interest on the $346.10 was figured as $19.78. This totaled $365.88, which was to be paid in forty-eight weekly payments . . . forty-seven at $7.62, and the final payment at $7.74, with the first weekly payment due September 17, 1955. After making sixteen weekly payments, appellant defaulted[1]; Doan instituted suit on July 20, 1956, for the balance due ($243.96), and attached the Buick in aid of judgment[2]. Appellant defended the suit by alleging, among other defenses[3], that the original contract provided for more than 10 per cent interest, was accordingly usurious, and cross complained, seeking cancellation of the contract and judgment for payments already made. This defense was raised on September 1, 1956. The cause was tried by the court on February 21, 1957. Both sides rested, but during closing argument, appellee, with permission of the court, and over the objection of appellant, reopened his case for the purpose of pleading a mistake in calculation of interest, and offered to remit any excess charged. On April 16, 1957, the court entered its judgment for $236.73 in favor of appellee[4], and further found that " * * * any interest charge in the original contract which was in excess of ten per centum per annum resulted from an unintentional error of plaintiff in calculating the in-

---

[1] GMAC would not handle the contract and Doan sold it to the Peoples National Bank; upon default, Doan paid the bank and took up the contract.

[2] Judgment was also sought on an additional indebtedness of $13.72 which was confessed by Holland.

[3] Such other defenses have now been abandoned and it is unnecessary to set out same.

[4] Judgment was also entered for the $13.72 mentioned in Footnote 2, and interest thereon.

terest and that plaintiff had no intention of charging, exacting or collecting interest in excess of ten per centum per annum.  *  *  *'' Fom such judgment comes this appeal.

The contract is usurious[5]; the question therefore is whether, under the circumstances, from both a legal and factual standpoint, it can be said that there was substantial evidence to support the finding by the court. The evidence introduced (on the question of usury) by appellee consisted solely of his own testimony to the effect that the excess charges were the result of an unintentional mathematical error in calculating the interest, and the introduction of a chart (which will be subsequently referred to) which he stated he used in making his computations. In the cases of *Cox* v. *Darragh Co.*, 227 Ark. 399, 299 S. W. 2d 193; *Whiddon* v. *Universal CIT Credit Corporation*, 227 Ark. 824, 301 S. W. 2d 567; and *Griffin* v. *Murdock Acceptance Corporation*, 227 Ark. 1018, 303 S. W. 2d 242, we held that though usurious charges had been exacted, they were the result of a mistake, and there had been no intention to charge interest in excess of 10 per cent. However, there was one notable difference between those cases and the one at Bar; namely, the lender in the cited cases notified the borrower that a mistake had been made, and credited, or offered to credit, the borrower's account with such excess charge. Here, no such offer was made until after both sides had rested, and the case had been reopened; this despite the fact that the defense of usury had been pleaded by appellant on September 1. On September 18, appellee filed a reply to the amended answer and cross complaint of appellant, wherein Doan denied each and every material allegation of the cross complaint, and reiterated the prayer of his original complaint. Accordingly, though the contention was very clearly brought to his attention, no offer of remittance was made, nor defense interposed that said charges were the result of an unintentional error. This, to us, is a most significant fact in the litigation.

[5] Interest figures 11.95%.

Nor can we say that this was a matter of mathematical miscalculation. Appellee never did state positively how he arrived at the amount of interest; he had a blue book (chart) furnished by GMAC, which supposedly set out the proper amount of interest for various principal sums. This chart, or table, was compiled on a monthly basis, and appellee, apparently in trying to reduce the amount of interest to a weekly basis, considered four weeks as a month, and accordingly charged interest on the basis of one year (52 weeks) instead of 48 weeks, as per the contract. The amount arrived at, figured on that basis, would seem to be correct, and Doan intended to receive *that amount* of interest. As early as 1883, in the case of *German Bank* v. *DeShon*, 41 Ark. 331, this Court, in an opinion by one of its most learned jurists, Judge Battle, said:

"* * * To constitute the corrupt agreement said to be necessary to constitute usury, it is not necessary that there be an actual intent to violate the statute or constitution. Where parties to a contract for a loan knowingly agree to pay and receive more than ten per centum per annum for the use of the money borrowed, this, in the sense of the law is a corrupt agreement. If it be the real intention of the parties to receive or reserve a given rate of interest, and that rate proves to be usurious, the contract will be void for usury, whether the parties knew the interest to be usurious or not * * *"

In *Corpus Juris Secundum*, Volume 91, page 585, Section 14, Subsection C, we find:

"The intent which enters into, and is essential to constitute usury is simply the intent to take and reserve more than permitted by law for the loan. While there are statements to the effect that to constitute usury the taking must be willfully and knowingly corrupt, and that, where the statute requires that the interest be knowingly taken or charged, there can be no usury unless the excessive interest is charged or received with the knowledge that it is prohibited by law, by the weight of authority usurious intent is implied if excessive interest is intentionally taken or reserved."

Our statute, of course, does not provide that the taking must be "willfully and knowingly corrupt.[6]"

In other words, in this case, it was not a mistake made by erroneous figuring; it was not a matter of declaring one sum due when actually another amount was intended. The amount was arrived at because the wrong formula was used, though appellee, of course, knew there were 52 weeks in a year. As a hypothetical case, let us say that one loaned money honestly thinking that the legal interest rate was 12 per cent, and figuring interest on that basis. Upon suit being instituted to declare the contract void for usury, he might well plead that he made an honest mistake, that he had no desire to exact more than the legal rate of interest, but that he simply thought 12 per cent was the legal rate. It would hardly be argued that such a reason was valid, or that it would excuse a usurious charge. Of course, one is charged with knowledge of the law; we think it just as reasonable that an intelligent man be charged with the knowledge of the number of weeks in a year. In the case of *Brooks* v. *Burgess,* 228 Ark. 150, 306 S. W. 2d 104, decided by this Court on October 28, 1957, Burgess had made a usurious charge. Quoting from the opinion:

"* * * In attempting to excuse his practice the witness stated that he had no training in accounting, that he was under the impression that he was charging the interest rate prescribed by the mortgages, and that he offered to correct the account when he learned that his charges were unlawful. It is now argued that the lender merely made a mistake of fact in the calculation of interest. Since suit was not actually brought on the usurious account it is contended that the mortgages should be enforced according to their terms.

We do not find this reasoning impressive. * * *" It was pointed out that, at the most, Burgess made a mistake of law, that of thinking his method of charging interest was lawful.

---

[6] Article 19, Section 13, Arkansas Constitution of 1874. Section 68-602, Arkansas Statutes Annotated, 1947.

One of two conclusions must be reached; either appellee did not know how to figure the interest, or else he carelessly figured same. In neither instance could the excessive charge be legally justified or excused. If the former were true, he should have had his calculations checked by one who was familiar with figuring interest. If the latter, appellee should have been even more careful in this instance, for he was dealing with a man who could neither read nor write.

It is concluded that the contract entered into by Doan and Holland was usurious, and should therefore be cancelled.

The judgment of the Circuit Court is accordingly reversed, and the cause remanded with directions to cancel the contract sued on, and to enter judgment for appellant in a manner not inconsistent with this opinion.

Justices GEORGE ROSE SMITH and WARD dissent.