## TEXTRON, INC. *v.* BILLY RAY WHITENER

5-5312                                           458 S. W. 2d 367

### Opinion delivered September 28, 1970
[Rehearing denied November 2, 1970.]

*Murphy, Arnold & Blair,* for appellant.

*Darrell Hickman,* for appellee.

FRANK HOLT, Justice. This is an action to recover $12,969.52 which is the balance due on a promissory note executed by appellee to appellant as part of a poultry financing arrangement. The trial court, sitting as a jury, found the transaction usurious. The evidence disclosed that after some verbal negotiations, the parties entered into a written contract whereby appellant was

to finance the purchase of 10,800 pullets by appellee. Pursuant to one of the terms of the written contract, appellee executed a note to appellant on October 20, 1966, for $16,740.00, the purchase price of the pullets, plus a 4% service charge equaling $669.60. The total amount of $17,409.60 was, according to the face of the form note, due "on demand, but in no event later than _____." In the blank space, appellant had inserted "December 20, 1966."

By way of defense, appellee asserted that the promissory note sued upon was usurious. On this issue appellee, the party asserting usury, had the burden of proof. *Nineteen Corporation* v. *Guarantee Financial Corp.*, 246 Ark. 393, 438 S. W. 2d 685 (1969); *Wallace* v. *Hamilton,* 238 Ark. 406, 382 S. W. 2d 363 (1964). Here, however, the note itself constituted a prima facie case for appellee since it was usurious on its face—*i. e.*, the price of the pullets plus a 4% service charge was due upon demand and no later than two months after the execution of the note; this would render a per annum service charge of 24% which is clearly in excess of the 10% maximum allowed by law. See *Andrews* v. *Martin,* 245 Ark. 1010, 436 S. W. 2d 285 (1969); *Peoples Loan & Inv. Co.* v. *Booth,* 245 Ark. 146, 431 S. W. 2d 472 (1968). Furthermore, in addition to the 4% "service charge" inserted in the note, this standard form provided that the maker agrees that: "Interest at the highest rate permissible by law shall be paid hereon after maturity or default, until paid." Also, appellee testified that he considered and understood the note as being his "total" and "legal" obligation.

Appellant introduced parol evidence to the effect that the parties had verbally agreed to spread the payment of the note over an eight-month period, thus bringing the 4% service charge within the legal limit for interest charges. Appellant also directed the trial court's attention to one of the printed conditions on the reverse side of the written contract which provided for payment in eight monthly installments. The face of the contract was also shown to state, as part of the

agreement between the parties, that: "Upon payment of said note(s), Beacon [a division of appellant] will refund to Feeder a sum equal to that portion of the service charge, if any, included in the amount thereof which, due to time of payment, would be in excess of that permitted by law." Similarly, in bolder faced type, the contract contained several notices to the buyer, one of which stated: "Under the law you have a right to pay off in advance the full amount due, and under certain circumstances to obtain a partial refund of the time (service) charge."

At the conclusion of all the evidence, the trial court requested that appellant submit a brief as to the propriety of considering the "side agreements," which were admitted into evidence, in the determination of this case. Appellant and appellee both submitted briefs on the issues and applicable law. Appellant also submitted a reply brief. After a consideration of these memoranda, the trial court found the promissory note to be usurious, dismissed appellant's complaint and entered judgment for appellee. This appeal follows.

Appellant's first contention for reversal is: "The trial court erred in not considering parol evidence concerning the entire agreement of the parties." It is clearly the law that in determining the issue of usury, all attendant circumstances germane to the transaction in question should be considered. *Guaranty Financial Corp.* v. *Harden,* 242 Ark. 779, 416 S. W. 2d 287 (1967); *Sammons-Pennington Co.* v. *Norton,* 241 Ark. 341, 408 S. W. 2d 487 (1966). In the case at bar, the trial court admitted, over objection by appellee, parol evidence by appellant relative to the attendant circumstances of the note and the accompanying written contract. We cannot say that the trial court ignored that evidence simply because he ultimately found in his memorandum opinion that the promissory note sued upon was usurious. The face of the note, of course, substantiates the assertion of usury. Since this is a law case, we must affirm the lower court's finding if there is any substantial evidence to support it. *American Metal Window Co.* v.

*Watson,* 238 Ark. 418, 382 S. W. 2d 576 (1964); *Cox v. Darragh Co.,* 227 Ark. 399, 299 S. W. 2d 193 (1957).

Appellant argues three more points for reversal; they may be summarized and discussed together. Basically it is appellant's contention that the contract, which preceded the promissory note, precluded an excessive interest charge; that the interest charge as intended by the agreement between the parties was, in fact, below the lawful maximum; and, finally, that there was no intent to exact usurious interest. As previously stated, a determination of usury should be made only upon an examination of all relevant attendant circumstances. Similarly, the Uniform Commercial Code [Ark. Stat. Ann. § 85-3-119 (Repl. 1961)] establishes that: "As between the obligor and his immediate obligee * * * the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction." Applying these considerations to the present transaction, we observe that the reverse side of the written contract provided for payment of negotiable promissory notes on the basis of eight monthly payments. However, this provision was prefaced by the words: "In cases where this contract covers feed for pullets * * *." Here the contract is for the financing of the purchase of pullets. The face of the contract also contained an agreement for the refunding of excessive interest charges "due to the time of payment" and a notice to the buyer of his right to a partial refund of interest charges "under certain circumstances." Such provisions could have realistically been construed as tantamount to a disclaimer of intent to charge usurious interest rates which, as we have had occasion to note, is ineffective to remove the taint of usury from an instrument usurious on its face. See *Commercial Credit Plan, Inc. v. Chandler,* 218 Ark. 966, 239 S. W. 2d 1009 (1951); *Dupree v. Virgil R. Coss Mortgage Co.,* 167 Ark. 18, 267 S. W. 586 (1924). Moreover, one of appellant's officers testified that the standard promissory note form was designed specifically to assure appellant instant security in all of its transactions by making the note

payable on demand, although he stated: "[W]e always collected less than the maximum [legal rate of interest]."

As a matter of law, we cannot say there is no substantial evidence to support the trial court finding that the transaction was usurious.

Affirmed.