LEE KNOX *v.* GOODYEAR STORES, INC.

5-5851                                    479 S.W. 2d 875

Opinion delivered May 8, 1972

*Dan McCraw,* for appellant.

*Curtis L. Ridgeway Jr.,* for appellee.

J. FRED JONES, Justice. This is an appeal by Lee Knox form an adverse decision of the Garland County Circuit Court apparently on a summary judgment in favor of Goodyear Stores, Inc. in a replevin action. The appellee, Goodyear Stores, Inc., sold a television and a lawn mower to Knox under time payment contracts and retained a security interest in the merchandise. Knox defaulted in payments and Goodyear filed suit in replevin. The lawn mower could not be found but possession of the television was delivered to Goodyear under bond.

Knox filed an answer denying the validity of the contract and alleging usury as a defense. He also alleged that Goodyear failed to properly comply with terms of the Federal Truth-in-Lending Act. A pre-trial order was entered wherein the court, among other things, found:

"That the parties appeared by counsel for pre-trial and agreed to try the case before the court sitting as a jury.

That the parties stipulate that defendant may proceed by the filing of a Motion for summary judgment which, if granted would permit defendant to recover the TV set or its value and if such Motion be not granted then plaintiff shall recover on its complaint and the possession of the merchandise sold defendant."

This stipulation added nothing to Knox's *right* to file a motion for summary judgment, but in any event, he did file a motion for summary judgment without supporting affidavit. The motion alleged that the contract was usurious on its face; that the exhibited contract constituted the entire transaction between the parties and that there were no other material facts in controversy. The motion then contradicted itself with this statement:

"A further fact question is raised herein under the said Federal Law pertaining to the recovery by the defendant of a reasonable attorney's fee."

Then follows an affidavit of Knox's attorney as to the services he had rendered his client.

In response to the motion for summary judgment, Goodyear filed an affidavit stating that its agent had made an error in calculating the interest on the contract, and that there were disputed questions of fact raised by the pleadings and to be determined by the court. Goodyear then filed an affidavit of Ed Hogaboom, a public accountant, stating that an attached report of an examination of the Knox account for Goodyear is correct to the best of affiant's knowledge and belief. The report to Goodyear was to the effect that all of the Knox contracts had been examined by Mr. Hogaboom and after giving credit for unearned finance charge in the amount of $58.25, there was less than 10% interest actually charged Mr. Knox on his account.

It would appear from this affidavit and report that

Hogaboom had examined all items in the account of Knox with Goodyear over a considerable period of time and concluded that when the finance charges on all the purchases were averaged out and proper credit given for unearned finance charges, the overall interest charges on all the purchases amounted to less than ten per centum per annum.

Hogaboom did not testify and Knox filed a motion to "quash" the affidavit together with the attached report. Upon this state of the record the trial court entered judgment as follows:

"On this 3rd day of August, 1971, defendant's Motion to Quash and defendant's Motion for summary judgment came on to be heard upon the pleadings and other matters and things, from which the court finds:

1. That defendant's Motion to Quash plaintiff's response to defendant's Motion for Summary Judgment should be overruled and denied.

2. That plaintiff's contract with defendant was not usurious.

3. That defendant's Motion for Summary Judgment should not be granted.

IT IS, THEREFORE, ordered and adjudged that plaintiff be and is hereby entitled to possession of the GE color T.V., M923EMP, 0036 14867, taken under Writ of Replevin issued herein and that the plaintiff is the lawful owner thereof."

The appellant Knox designated the following points for reversal:

"The court erred in overruling the appellant's motion to quash appellee's response to appellant's motion for summary judgment.

The court erred in finding that the contract was not usurious.

The court erred in not giving relief to the appellant
under the Truth-In-Lending Law."

Goodyear argues that its contract with the appellant
was not usurious, and that even if one isolated sales con-
tract may appear on its face to be usurious, usury cannot
be charged unless an illegal interest rate was intentionally
imposed. Goodyear then argues as follows:

"The appellant attempts to single out one transac-
tion from many transactions between Goodyear
Stores, Inc. and the appellant, Lee Knox to support
his position that the transaction in question was
usurious. The case in the lower Court was decided
upon Motion for Summary Judgment with support-
ing affidavits, and the appellee calls the Court's
particular attention to the Affidavit of Hogaboom
and Keck, Certified Public Accountants, contained
in T.37 through T. 40. According to this analysa-
tion, Mr. Ed Hogaboom, after careful examination
of the various contracts executed between Lee Knox
and the said Goodyear Stores, Inc. found that Mr.
Knox was not in fact charged a rate of interest which
was in excess of ten percent of the unpaid principal
balance.

We must assume that the trial Court gave particular
significance to this Affidavit and found factually
that a usurious rate of interest was not charged.
Certainly, since no testimony was taken, there is
nothing in the record of this case to indicate that the
Court was in error in its determination.

It must be pointed out that this is not the usual case
that comes before this Court under attack for usury,
and clearly the Court cannot close its eyes to the
total contractual relationship existing between the
parties when a claim of usury is made.

Appellant therefore submits that the anaylsation of
the contractual relationships between appellant and
appellee as made by Mr. Ed Hogaboom is correct, and
that the lower Court's opinion is clearly supported
by the evidence and therefore should be affirmed."

We have difficulty in following Goodyear's reasoning in this argument. We are only concerned with one contract alleged to be usurious in this case, and of course the burden of proving usury rests on the one alleging it. But when such proof is made or when a contract is usurious on its face, the burden shifts to the one who would sustain its validity in proving it is not usurious. *Nineteen Corp.* v. *Guaranty Financial Corp.*, 246 Ark. 400, 438 S.W. 2d 685. Goodyear continues its argument as follows:

> "Even though one of the Contracts between appellee and appellant appears on its face to be usurious, there is no evidence that usury was actually intended or that any effort was ever made to collect a usurious rate of interest.
>
> The Contract in question, which forms the basis of appellant's appeal, is the Contract between the appellee and the appellant for a G.E. color T.V. which appears at T.15. The writer finds it impossible to demonstrate to this Court how this error occurred without attaching additional documents to this Brief."

In support of this argument Goodyear attached, as appendix to its brief, a copy of what purports to be a chart it uses in figuring finance charges in Arkansas. This chart was not offered in evidence at the trial and there is no testimony in the record relating to it. Goodyear simply invites us to examine the chart for a determination of how its salesman erred in figuring the interest charged to Knox in the contract and from which Mr. Hogaboom apparently concluded, and so advised Goodyear, that the contract was not usurious.

We certainly agree with Goodyear's statement that "this is not the usual case that comes before the court under attack for usury," but we do not try law cases de novo on appeal. Even if we did so, we would not know where to begin in this case because both parties seem to agree that there are unresolved and controverted questions of fact in this case. We certainly cannot accept the

conclusion of law reached by Mr. Hogaboom in his report to Goodyear as determinative of the issues of usury in this case. Knox filed a motion for summary judgment which was resisted by Goodyear and the motion was denied. The parties agreed to try the issues before the court without a jury. Goodyear did not file a motion for summary judgment but apparently summary judgment was rendered in favor of Goodyear on the affidavit of Hogaboom that he had examined the account books of Goodyear and after giving proper credit for unearned interest on the account of Knox, had reported to Goodyear that the account was not usurious.

Our summary judgment statute, Ark. Stat. Ann. § 29-211 (Repl. 1962) is an adoption of Rule 56 of the Federal Rules of Civil Procedure, and summary judgment will only lie where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Weathers* v. *Springdale,* 239 Ark. 535, 390 S.W. 2d 125. Where there are essential issues of fact still unresolved the record does not justify a summary disposition of the litigation. *Griffin* v. *Monsanto Co.,* 240 Ark. 420, 400 S.W. 2d 492.

Where justiciable issues are present and unresolved, the pleadings are not subject to a motion for summary judgment and the case should be tried as to the unresolved issues on the merits. *Wirges* v. *Hawkins,* 238 Ark. 100, 378 S.W. 2d 646. The object of procedure for summary judgment is not to determine an issue, but to determine whether there is an issue to be tried; *Ashley* v. *Eisele,* 247 Ark. 281, 445 S.W. 2d 76, and the denial of a summary judgment in favor of the one requesting it does not call for a summary judgment in favor of the one opposing it.

We conclude that this case must be reversed and remanded to the trial court for trial on its merits.

Reversed and remanded.

FOGLEMAN, J., not participating.