H. E. BROWN et ux *v.* CENTRAL
ARKANSAS PRODUCTION CREDIT Association

74-54                                    510 S.W. 2d 571

Opinion delivered June 24, 1974

*Herby Branscum Jr.,* for appellant.

*Hartje & Hartje,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal was taken from a decree of the Chancery Court of Perry County in a foreclosure suit awarding appellee a judgment for $2,915.10, interest and an attorney's fee of $750.99. The suit was filed on March 1, 1972. The complaint alleged that an indebtedness then amounting to $15,081.97 remained due appellee on a note for $18,910.54 executed by appellants on December 17, 1969 and secured by a mortgage on certain real property and a security interest in certain farm equipment. After the suit was filed, appellants, with permission of appellees, sold the farm equipment and applied the proceeds to the debt. Thereafter, appellants filed a petition seeking a stay of the sale of the real estate, and later alleged that appellee had charged a usurious rate of interest, and that the attorney's fee of $750.00 allowed in the decree was unreasonable. After a hearing, the chancellor rejected appellants' contentions but reduced the judgment from $2,962.11 previously awarded. We affirm.

At the hearing, appellant Henry Brown testified that he borrowed the face amount of the note from Central Arkansas Production Credit Association on December 17, 1969 and that no payment was made until January 4, 1971 when $6,-000 was paid by check. Brown said $2,019 of this was applied to interest and the remainder to principal. Brown said he first borrowed money from the Production Credit Association in 1952 or 1953. Appellants objected to cross-examination of Brown about his 1969 Central Arkansas Production Credit Association loan made in January, 1969, but when the objection was overruled, he answered that, while he did not think he owed appellee anything that was not incorporated into the face amount of the note sued on, it was possible that he did.

Estella Shaw, treasurer of the credit association, testified about the history of loans made to Brown on January 13 and December 17, 1969. She related that sometimes there is a time lag between a loan application and its approval by the association's loan committee. She said that the note sued on was prepared on December 17, 1969 and that an unpaid balance on the January loan amounting to $15,355.54 was "renewed" as a part of the indebtedness evidenced by the new note. Under the lender's procedures, the application, note and mortgage are prepared the same day. If there is a time lapse between the application and disbursement upon approval of the loan, interest accrued in the interval on a preexisting indebtedness is not included in the new note. According to her calculations interest at 7% on Brown's debt remaining unpaid on the January loan amounted to $144.31, when the $6,000 payment was made. Mrs. Shaw applied the first $144.31 to the payment of this interest and the balance as a credit on the new note. She pointed out that no recovery of the $144.31 item was sought in the foreclosure complaint. On cross-examination, she admitted that the $2,019.00 credited to interest on both the old and new loans would exceed 10% per annum on the principal of the new loan. She also said that interest amounting to $1,874.69 was charged on the December loan at the time of this payment and that principal was credited with the remaining $3,981.00.

The chancellor held that the contract was not usurious, but said that some confusion about the $144.31 item was at-

tributable to appellee's failure to furnish appellants with a breakdown showing the indebtedness existing at the time of the $6,000 payment and the application of that payment. Upon this basis, he ordered that the judgment be reduced by this amount and described his action as a gift to appellants by the court. Because of evidence showing that only $1,200 was disbursed to appellants at the time of the December loan, the chancellor did not accord full credibility to Henry Brown's testimony denying any indebtedness to appellee in December 1969 other than the face amount of the note.

Appellants first contend that the chancellor erred in admitting over their objection testimony relating to indebtedness existing prior to the note sued on, because no allegation in appellee's pleading indicated that a part of the payment made in January 1971 was or should have been applied to the preexisting indebtedness. Appellants argue that, because appellee's treasurer, by answering pretrial interrogatories (not abstracted) stated that the original amount of the debt was $18,910.54 and that the amount of interest paid in 1971 was $2,019.00, without stating that a part had been applied to a previous debt, the court permitted a new issue to be raised over their objection and that the testimony was immaterial to any issue in the case. We do not agree with appellants on this point.

The note was not usurious upon its face, so the burden of proving usury rested upon appellants. *Hayes* v. *First National Bank of Memphis*, 256 Ark. 328, 507 S.W. 2d 701 (1974); *Peoples Loan and Investment Company* v. *Booth*, 245 Ark. 146, 431 S.W. 2d 472. The issue must be determined as of the date of the contract involved and not by subsequent events. *United-Bilt Homes, Inc.* v. *Teague*, 245 Ark. 132, 432 S.W. 2d 1. In order for a charge to constitute usury, there must have been an intention on the part of the lender to take or receive more than the maximum legal rate of interest. *Ragge* v. *Bryan*, 249 Ark. 164, 458 S.W. 2d 403. In an effort to meet this burden, Henry Brown testified that he was charged $2,019 interest when he made the $6,000 payment. In determining whether this charge was usurious, all attendant circumstances germane to the transaction should be taken into consideration. *Textron, Inc.* v. *Whitener*, 249 Ark. 57, 458 S.W. 2d 367; *Ragge*

v. *Bryan*, supra. Assuming, without deciding, that appellee's application of the $6,000 payment could have rendered the transaction usurious, it would have been error for the chancellor to have excluded evidence as to the status of Brown's indebtedness to appellee at the time the note was executed and the loan approved and appellee's reasons for applying the payment as it did. See *Nineteen Corporation* v. *Guaranty Financial Corp.*, 246 Ark. 400, 438 S.W. 2d 685.

We likewise disagree with appellant's contention that the chancery court erred in its holding that the note· and mortgage should not be cancelled for usury. The intention to charge a usurious rate of interest will never be presumed, imputed or inferred where an opposite result can be reached. *Hayes* v. *First National Bank of Memphis*, 256 Ark. 328, 507 S.W. 2d 701 (1974). To constitute usury, there must have been an intention on the part of the lender to take or receive more than the legal rate. *Ragge* v. *Bryan*, 249 Ark. 164, 458 S.W. 2d 403. When the questioned instrument is not usurious on its face, this intent must be clearly shown. *Arkansas Real Estate Company* v. *Buhler*, 247 Ark. 582, 447 S.W.. 2d 126. The evidence in this case falls far short of showing such an intention. We agree with the chancellor that it clearly preponderates in favor of appellee.

Appellant's contention that the attorney's fee allowed was excessive seems to be based upon their misconception of the factors to be considered. They contend that an allowance of a $750 fee on a judgment for only $2,915.00 was excessive because it involved only the filing of a complaint, answering a set of interrogatories and appearing at a one-hour trial. The note in question provided for the allowable statutory 10% for attorney's fees. At the time of the filing of the complaint the debt was more than $15,000 and resort to a security interest in personal property was contemplated. The subsequent sale of this property, by agreement, was certainly attributable, at least in part, to the filing of the suit. The chancellor felt that he might have been justified in allowing $1800.00 (on the basis of the face amount of the note) and held that $750.00 was proper. We have said that considerable weight must be given in such matters to the opinion of the trial judge before whom the proceedings are conducted. *Robinson* v. *Champion*,

251 Ark. 817, 475 S.W. 2d 677. See also *Slayton* v. *Russ,* 205 Ark. 474, 169 S.W. 2d 571. We certainly cannot say the chancellor made an excessive allowance in this case and are inclined to agree with him that a fee of $750 was reasonable under all the circumstances.

The judgment is affirmed.