Glenn A. PARKS, Sr., d/b/a
PARKS PRODUCTS COMPANY *v.*
E. N. BEARD HARDWOOD
LUMBER, INC.

77-362                                           565 S.W. 2d 615

Opinion delivered May 22, 1978
(In Banc)

*William F. Magee,* for appellant.

*Jabe E. Hoggard,* for appellee.

CONLEY BYRD, Justice. Appellee E. N. Beard Hardwood Lumber, Inc. of Greensboro, North Carolina, brought this action against appellant Glenn A. Parks, d/b/a Parks Products Company, for the $10,484.82 balance due upon an open account for lumber received by appellant on April 20, 1976, and April 27, 1976. Invoice # 5130, dated April 20, 1976, in the amount of $6,615.27 provided terms of "2% 10 net 30". At the bottom of the invoice is this notation: "interest charges of 1% per month (12% per annum) on all

amounts over 60 days." Invoice # 5202 dated April 27, 1976, in the amount of $5,324.81 carried the same notation. On May 28, 1976, appellant was given credit for a payment in the amount of $955.26. On August 31, 1976, when the outstanding balance due was $10,984.82, appellee charged appellant with interest in the amount of $109.85. On September 7, 1976, appellant paid $500 and on September 20, 1976, paid the interest charge of $109.85. On October 30, 1976, when the outstanding balance was $10,484.82, appellee again charged appellant with interest in the amount of $104.85. Appellant answered contending that the account violated the 10% usury provision of the Arkansas Constitution. The trial court, after determining that the interest charged did not exceed 10%, entered a summary judgment in favor of appellee. We affirm.

Sixty days from April 20, 1976, would be June 19, 1976. On that date the balance owing on invoice # 5130 would be ($6,615.27 — $955.26) $5,660.01. Interest on $5,660.01 from June 19 to August 31, 1976 at 10% per annum would be (73 days times $1.5506876 daily interest) $113.20.

Sixty days from April 27, 1976, the date of invoice # 5202 would be June 26, 1976. On that date the balance owing on invoice # 5202 was $5,324.81. Interest on $5,324.81 from June 26th to August 31st at 10% per annum would be (66 days times the daily interest in the amount of $1.458852) $96.28.

Consequently, the allowable interest on August 31, 1976 at 10% per annum upon the outstanding balance due on invoices would have been ($113.20 plus $96.28) $209.48.

The allowable interest on the outstanding balances due from August 31st to September 7, 1976, when appellant made a $500 payment would have been ($5,660.01 plus $5,324.81 times 10% divided by 365 times 7 days equals) $21.07.

After the $500 payment on September 7, 1976, the outstanding principal balance was $10,484.82. There are 53 days from September 7, 1976 to October 30, 1976 (the last interest charge date). The allowable interest for that period would be ($10,484.82 times 10% divided by 365 times 53 equals) $152.25.

From the foregoing computations it is evident that appellee, within the limits of the usury law, could have legally charged interest in the amount of $382.80. Since this is an open account and the total interest charged to the account by appellee was only $214.70, it follows that the trial court was correct in holding that appellee had not violated Arkansas' prohibition against usury.

Affirmed.

FOGLEMAN and HICKMAN, JJ., concur.

HOWARD, J., dissents.

JOHN A. FOGLEMAN, Justice, concurring. I fully agree with the majority opinion in this case. I cannot agree, however, with the statement in the dissenting opinion that the majority rejected the trial court's holding that a North Carolina contract was involved. To the contrary, the result reached is based entirely upon the assumption that the Arkansas law applied because, and only because, that is the law most favorable to appellant. As I view the record in this summary judgment procedure, the documents and affidavits filed failed to establish that the contract was either an Arkansas contract or a North Carolina one. But if the action of the trial court was correct for any reason, we should affirm, so long as the basis for affirmance was in issue in the trial court. Here the question whether the contract was usurious under the Arkansas constitutional provision limiting interest to 10% per annum was definitely an issue.

GEORGE HOWARD, JR., Justice, dissenting. The majority has premised its conclusion that the account involved in this action is not usurious in that "the interest charged did not exceed 10%." I submit that the majority's position is misplaced. The question is not what interest was actually received by appellee, but, on the contrary, the pivotal question simply put: *Is there an agreement authorizing the collection of an interest charge in excess of 10% per annum?* The majority has avoided answering this question, as it must, in order to sustain its position.[1]

---

[1] The trial court found that the transaction in question was a North Carolina arrangement. The trial court also found "12% penalty is legal in

It is clear that the majority rejects the trial court's holding that the transaction was a North Carolina one for, indeed, it was an Arkansas transaction and Arkansas law is applicable.

An invoice which was made a part of the record and which sheds light upon the transaction provides, in material part, as follows:

"Interest for October 1976 at 12% per annum or 1% per month on all invoices more than 60 days old."

Article 19, § 13, of the Ark. Const., in relevant part, is as follows:

"All contracts for a greater rate of interest than ten percent per annum shall be void as to principal and interest, . . . "

The majority seeks to avoid the mandate of the Constitution by asserting:

"Since this is an open account and the total interest charged to the account by appellee was only $214.70, it follows that the trial court was correct in holding that appellee had not violated Arkansas' prohibition against usury."

But from the plain meaning of the constitutional provision, *all contracts for a greater rate of interest than 10% per annum shall be void.* In *Wilson* v. *Whitworth,* 197 Ark. 675, 125 S.W. 2d 112, we said:

". . . *if the lender alone charges or receives more than is lawful, the contract is void.* " (Emphasis added)

I would reverse the trial court and dismiss the action on the ground that the transaction is usurious; therefore, I dissent.

the state of North Carolina."

Pertinent part of the trial court's opinion is as follows:

"IT IS THEREFORE CONSIDERED by the Court that purchase and delivery was made in North Carolina (i.e., 'your truck'); that possession of the goods was taken by the Defendant or his agent in North Carolina. That there has not been a violation of Arkansas' prohibition of usury in excess of ten percent."