David W. BUNN, d/b/a BUNN LUMBER COMPANY *v.* WEYERHAEUSER COMPANY

79-314                                    598 S.W. 2d 54
Supreme Court of Arkansas
Opinion delivered April 21, 1980
Rehearing denied June 2, 1980

*Ridgeway, Burtness & Switzer,* by: *Robert D. Ridgeway,* for appellant.

*Neal Sullins* and *Friday, Eldredge & Clark,* by: *George Pike, Jr.,* for appellee.

JOHN I. PURTLE, Justice. Appellee brought suit for collection on an open account to which it had added a monthly "service charge" in the amount of 1.5%. The purchases were on terms of 2% discount if paid within 5 days or net if paid within 30 days. After 30 days the 1.5% monthly "service charge" was added. Some of the added charges were paid; then, appellant refused further payment. Appellant's defense was that the account was usurious and therefore illegal.

Upon filing suit appellee dropped the service charges and sought only the principal. Appellee also argued that appellant had agreed to pay the balance if the service charges were deleted. The trial court entered a judgment in which it was found there was no agreement to pay interest and the parties had made an agreement for payment of the balance of the account without the added charges. The court further found no usury was involved.

Judgement was for $3,501.37 which represented the principal account balance without the added charges. Appellant brings this appeal from the judgment of the trial court.

Appellant argues the court erred in finding there was no usury and in determining the parties had entered into an agreement whereby the appellant would pay the principal balance if appellee dropped the extra charges. We disagree with the trial court's findings; and, we conclude that the additional charges in this case are not late charges in the nature of a penalty and that the charges constitute usury.

The facts are not materially in dispute. It is agreed the appellant had been buying from appellee for several years, and the account was current until late 1974 or early 1975. Terms of the sale were minus 2% if paid within 5 days and net if paid within 30 days. All invoices had printed upon them a statement to the effect that a service charge of 1.5% per month would be added to all accounts more than 30 days past due. The first service charge to appellant's account was for a statement dated February 2, 1975. The invoice was dated November 21, 1974, and due December 21, 1974. Thereafter, when payments were received by appellee, they were credited first to the service charge and then to the principal. In July of 1976, appellee filed suit for $3,501.37 which was the actual balance owed on the purchases. The service charges were not included in the complaint.

Prior to filing suit, appellee had turned the account over to a collection agency. There was some contact between the agency and the appellant concerning collection of the account. Eventually, the collection agency contended appellant's wife agreed they would pay the balance of the ac-

count if appellee would drop the service charges. However, at the trial the wife denied entering into such agreement. The collection agent stated he called appellant and sought to speak to the person in charge of accounts. He was put in contact with Mrs. Bunn who explained why they were not paying the bills. She allegedly asserted it was because of excessive service charges. In any event, the trial court determined this issue in favor of appellee by holding there was an agreement between the parties to pay the debt less the service charges.

All parties agree if interest in excess of 10% per annum were charged, it would amount to usury thereby terminating the obligation to make any payment. The question presented is essentially whether these "additional charges" were in the nature of an allowable "penalty" or whether they were interest.

It is not possible to state a hard and fast rule which will automatically solve the question of whether a contract is usurious. This is true because no two cases rest upon identical facts, and the facts are frequently the determinative question rather than rules of law. Such factors include the intentions of the parties, the amount of the loan, the dates and places of contracting, and the performance. Other factual questions sometime create what appear to be inconsistent opinions. We examine some of these prior opinions to clarify our position in the present case.

We have recognized that a penalty may serve as a subterfuge for usury. *Redbarn Chemicals, Inc.* v. *Bradshaw,* 254 Ark. 557, 494 S.W. 2d 720 (1973). In fact, *Redbarn* concerned an open account to which a 1% per month charge was subsequently added to the unpaid balance. There we stated we were not persuaded by the argument that the penalty or added charges were the results of unilateral action on the part of the creditor. We further held that the creditor could not retroactively purge the account of the taint of usury by dropping the added charges at the time the suit was filed.

The Constitution of Arkansas (1874), Article 19, § 13 states:

> All contracts for a greater rate of interest than ten per centum per annum shall be void, as to the principal and interest, and the General Assembly shall prohibit the same by law, but when no rate of interest is agreed upon the rate shall be six per centum per annum.

Regardless of our decisions which may be interpreted differently, depending on the point of view, we were and are bound by the constitutional provision limiting interest charges to 10%. Whether this provision is wise or practical is not for this court to decide. If and when the people of Arkansas decide to change the provision, the decision will be up to the citizens. Meanwhile, we will continue to hold all contracts in violation of the provision to be void as to both principal and interest.

We look to the uncontradicted testimony of the parties and clearly see that appellee charged 1.5% interest per month on the accounts not paid within 60 days. The fact that appellee chose to call the added charges a "service charge" does not change the fact that it is a charge for the use of money in the form of an account due them by the appellant.

When an instrument is usurious on its face, the holder has the burden of proving it to be otherwise. *Knox* v. *Goodyear Stores,* 252 Ark. 530, 479 S.W. 2d 875 (1972). On the other hand, if it is not usurious on its face, the borrower has the burden of proving it is usurious. *Garvin* v. *Linton,* 62 Ark. 370, 35 S.W. 430 (1896). Parol evidence may be used in order to show usury. *Heidelberg Southern Sales Co.* v. *Tudor,* 229 Ark. 500, 316 S.W. 2d 716 (1958). Usury must be proved by clear and convincing evidence. *Commercial Credit Plan, Inc.* v. *Chandler,* 218 Ark. 966, 239 S.W. 2d 1009 (1951). It is also true that there must be an intent to charge more than 10% to constitute usury. *Textron, Inc.* v. *Whitener,* 249 Ark. 57, 458 S.W. 2d 367 (1970).

In the present case, the statements of the appellee on their face show a per annum interest of 18%. The holder never attempted to shoulder the burden of showing this was not the actual charges imposed. To the contrary, it was admitted that the rate charged was accurate. The only attempt

to undo the usurious charge was to drop it at the time of the suit. We have held that this cannot be done. *Redbarn,* supra.

Appellee cites *Hayes* v. *First National Bank,* 256 Ark. 328, 507 S.W. 2d 701 (1974) as authority for adding this additional charge. We do not believe *Hayes* is authority for this case because there we approved a fixed penalty of 5% or $5 on any late monthly payment. It was a one time charge and did not repeat monthly as do the present charges. Even in allowing the one time penalty in *Hayes,* we cautioned that so-called "penalties" could be declared usurious if it turned out to be a mere cloak for charging more than 10% interest.

The case of *Parks* v. *E. N. Beard Hardwood Lumber,* 263 Ark. 501, 565 S.W. 2d 615 (1978) would appear from first impression to be in point with the present case. However, upon inspection we find the only similarity is that in *Parks* the billing statement indicated a 1% per month additional charge would be made upon late payment. The facts turned out to prove that the charges actually made amounted to less than 10% per annum. Therefore, the case stands for the principle that we do not take the instrument at face value. Instead, we examine the facts of each case to determine whether usury was actually charged or contracted for. In *Parks,* the facts revealed there was no usurious charge, but in *Redbarn* and the present case, the added charges really did amount to usury.

This is not a matter of an honest mathematical miscalculation as to the amount of the charges which may be shown to avoid a charge of usury. *Cox* v. *Darragh Company,* 227 Ark. 399, 299 S.W. 2d 193 (1957). A lender cannot retroactively purge an account of the taint of usury. *Ford Motor Credit Co.* v. *Catalani,* 238 Ark. 561, 383 S.W. 2d 99 (1964).

It does not matter whether the added charges are called a "penalty," "late charge," "service charge," or some other name. We look to the facts of each case to determine whether the additional charges are a cloak for usury; and, if they are, the contract is void.

Appellee also urges there was a novation of the contract

which purged the account of usury if it were a usurious contract. We have carefully searched the record and do not find any substantial evidence to support this argument. The representative of appellee offered to remit the service charges if appellant would pay the balance of the account. Appellant's wife, who is not shown to have authority to enter into such agreement, responded to the proposal by stating, "Well, let me know if you can." The representative then contacted appellee to obtain such concession; and, upon recontact with appellant's wife, she replied that she thought the charges amounted to usury and referred him to her attorney. This did not amount to a novation because there was never an agreement.

The judgment is reversed, and the case is returned to the trial court with direction to dismiss the case.

FOGLEMAN, C.J., and STROUD, J., dissent.

JOHN F. STROUD, Justice, dissenting. I agree with the majority opinion that there was not substantial evidence to support the finding of the trial court that the parties agreed to purge the account of the late charge, but I respectfully dissent from that opinion because I believe the late charge was not interest and, therefore, not usury.

A monthly charge of 1.5% per month is clearly usurious under the Arkansas law if it is interest, but it just as clearly is not usurious if it is not interest. Labels are not to me controlling with one exception — if both parties to a transaction call or acquiesce to the charge being labeled as "interest," they should not be able to subsequently deny the charge as "interest." In all other cases, the facts should be examined to determine the true nature of the charge.

Charges made by a lender to a borrower are traditionally interest charges, but the same is not necessarily true in the case of sales on an open account. In *Redbarn Chemicals* v. *Bradshaw,* 254 Ark. 557, 494 S.W. 2d 720 (1973), an open account was rightly voided as being usurious when the seller added a 1% per month "interest" charge. This charge was only added after the account was in arrears for more than two

years in an amount of over $10,000, and was *in addition to the service charge:*

> According to the proof, monthly computerized statements, including a service charge, had been sent by Redbarn for a full year before the excess charge was imposed.

The only testimony in this case was that the charges were true late charges added only to delinquent accounts. Mr. Clovis Reid, the regional credit manager of appellee, said Weyerhaeuser did not want to extend credit and that credit was not approved if the buyer did not appear able to pay in full within 30 days. He said appellee added the penalty to encourage prompt payment and that when an account was delinquent for 30 days, collection efforts were begun. This is substantiated in the case of appellant as written demand was made on him by the collection agency for full payment when the account was delinquent, even though the penalty had been paid current. He also testified that his regional office lost money on collections, employing four people during 1978 at a cost of $148,000 attempting to collect $400,000 in delinquent accounts, but that only $57,000 was collected. These figures are hardly consistent with an intent to extend credit and charge interest. If appellant had wished to dispute any of the facts reflected by the testimony of appellee's employees, he should have presented testimony. Appellant cannot complain now that he did not testify nor call a single witness.

This court has held many times that a late charge is in the nature of a penalty and does not render a transaction usurious, even when provided for in the instrument evidencing it. *Phipps-Reynolds Company* v. *McIlroy Bank & Trust Company,* 197 Ark. 621, 124 S.W. 2d 222 (1939); *Harris* v. *Guaranty Financial Corp.,* 244 Ark. 218, 424 S.W. 2d 355 (1968). The rationale of this tenet was explained in *Carney* v. *Matthewson,* 86 Ark. 25, 109 S.W. 1024 (1908):

> The true test is: Has the debtor the absolute right to discharge and satisfy the contract at maturity by paying the principal debt and lawful interest? If he has, the con-

tract is not vitiated by providing for the payment of an additional sum.

In this case, appellant not only could have avoided the penalty by timely paying for the merchandise, but he could have received a 2% discount for payment within 5 days.

In *Hayes* v. *First National Bank,* 256 Ark. 328, 507 S.W. 2d 701 (1974), a penalty of 5% or $5 was added to any late monthly payment, and the court held the charge to not be usurious. The majority attempts to distinguish the case by saying the charge was not recurring but was just a one time charge. If the borrower quit paying as appellant did in this case, the charge would be one time, but that one time would occur 12 times a year. See also *Harris* v. *Guaranty Financial Corp.,* supra, where a contract was held not usurious even though a 5% late charge was assessed on the monthly payments after default.

Appellant has alleged a usurious contract and the burden is upon one asserting usury to show that the transaction is usurious. *Nineteen Corp.* v. *Guaranty Financial Corp.,* 246 Ark. 400, 483 S.W. 2d 685 (1969); *Brown* v. *Central Ark. Prod. Credit Assn.,* 256 Ark. 804, 510 S.W. 2d 571 (1974). As appellant introduced no testimony in the trial court, the testimony of the employees of appellee stands unrebutted. Because of the highly penal nature of our usury law, the plainest principles of justice require that it be clearly shown that the transaction is usurious. *Ark. Real Estate Co.* v. *Buhler,* 247 Ark. 582, 447 S.W. 2d 126 (1969). The wrongful act of usury will never be imputed to the parties, and it will not be inferred when the opposite conclusion can be reasonably and fairly reached. *Briggs* v. *Steele,* 91 Ark. 458, 121 S.W. 754 (1909).

The judgment of the trial court sitting as a jury need only be supported by substantial evidence. *Holland* v. *C. T. Doan Buick Co.,* 228 Ark. 340, 307 S.W. 2d 538 (1957); *Fields* v. *Sugar,* 251 Ark. 1062, 476 S.W. 2d 814 (1972). I believe there was substantial evidence to support the judgment of the trial court and I would affirm the decision.

FOGLEMAN, C.J., joins in this dissent.