Matthew M. Levy, J.
The plaintiffs are daughter and parent. The infant plaintiff with her father, the other plaintiff, were in attendance as paying patrons- at a performance at the Palace Theatre, operated by the defendant. One of the acts on stage was “ Bandy’s Greyhounds & Monkeys”. During the course of the performance, one of Bandy’s monkeys, riding on a greyhound, suddenly left his perch, went beyond the proscenium arch, and attacked the infant plaintiff, sitting in an orchestra loge. The plaintiffs sue for damages for the resulting personal injuries and medical expense. The relevant substantive allegations of the complaint are the defendant’s failure to take reasonable precautions to protect the plaintiff as a guest of the defendant at its theatre (negligence) and the harboring of a wild animal on the defendant’s premises without restraint (absolute liability).
The plaintiffs have moved before me for summary judgment (Rules Civ. Prac., rule 113). In opposition, the defendant in its answer has denied that the monkey involved was a wild animal, and submits affidavits setting forth the maimer in which the animals in the act were carefully trained and domesticated, that several of these shows had theretofore been given at the Palace Theatre — indeed, during a period of three years — and that nothing occurred which would acquaint the defendant or Bandy, as the proprietor of the act, with the fact that this monkey (of the rhesus variety common throughout India) had any vicious propensity, and, further, the care that was used during the performance in keeping the monkey securely on leash, and how surprising to the performing personnel and to the defendant’s staff was the monkey’s sudden and unexpected departure from the stage onto the loge, and the unforeseen attack upon the plaintiff.
These facts are set forth by the defendant at great length and would, of course, constitute the creation of a triable issue if the monkey in question is considered that kind of animal concerning which it is necessary for the plaintiff to establish scienter. On the other hand, all of these facts and circumstances would be *602 legally immaterial if scienter is not a factor, in that the animal involved here is a wild animal, and it is on the latter contention that the plaintiffs proceed on this application to strike the defendant’s answer and for summary judgment directing a hearing solely for the assessment of damages. In aid of their motion, the plaintiffs do nothing more than to state and rely upon the undisputed fact that the incident occurred. They argue that if, as they contend, a monkey is inherently and unchangeably a wild animal, then the defendant had the monkey at the theatre at the defendant’s peril and, without proof of more, is liable to the plaintiff as an invitee (3 Restatement, Torts, § 507).
The plaintiffs’ insistence that the monkey is and cannot be aught else but a wild animal is supported solely by a reference to a professor of law for authority: “ A distinction has been made between animals which, by reason of their species, are by nature ferocious, mischievous or intractable, and those of a species normally harmless. In the first category are lions and tigers, bears, elephants, wolves and monkeys, and other similar animals. No individual of such a species, however domesticated, can ever be regarded as safe, and liability does not rest upon any experience with the particular animal. In the second class are cattle, sheep, horses, dogs and cats, and other creatures regarded as usually harmless. As to these, it must be shown that the defendant knew, or had reason to know, of a dangerous propensity in the one animal in question.” (Prosser, Law of Torts [2d ed.], § 57, p. 323.) On the other hand, the defendant urges, with equal vehemence, that, unlike a tiger and a wolf, a monkey is not impervious to being domesticated, and in support of its case, the defendant cites as authority a compendium of the law which states that “ an animal, although classed as ferae naturae, is susceptible of substantial domestication, as the bee, deer, and monkey ” and that, “ the owner is not liable in the absence of proof of negligence in the manner of keeping it, or of proof that it was of a vicious disposition, and was kept after the owner had knowledge thereof” (3 C. J., Animals, § 317, p. 88; see 3 C. J. S., Animals, § 144, p. 1246).
In Spring Co. v. Edgar (99 U. S. 645), a case arising in New York State, the court stated (p. 653) that certain wild animals may be domesticated so as to be classed in respect to the liability of the owner with the class known as tame or domestic animals. In that case a male deer was involved, but the point is well taken if, as a matter of fact, the monkey is classifiable as an animal capable of being domesticated to the indicated degree. That, it seems to me, has not yet risen — at least in the State of New York — to an irrefragable presumption.
*603 It lias not been suggested by the plaintiffs in so many words that I take judicial notice of the claimed vicious and refractory habits of the monkey (cf. Mangrelli v. Italian Line, 208 Misc. 685, 688). But that is what, in substance, its submission on this application comes down to. In any case, were I to assume to endeavor to proceed upon the doctrine of judicial notice, I could not say that the propensities of the monkey are of such “ generalized knowledge as are so notorious as not to be the subject of reasonable dispute ” (Model Code of Evidence, rule 801). No scientific data were presented to support the taking of judicial notice, one way or the other. As I have said, legal authorities alone have been submitted — and they are in disagreement. In my view, judicial notice of such a matter must be bottomed upon more universal acceptance and based upon sterner stuff.
‘ ‘ Courts are found noticing, from time to time, a varied array of unquestionable facts, ranging throughout the data of commerce, industry, history and natural science. It is unprofitable, as well as impracticable, to seek to connect these rulings by generalities and distinctions; for the notoriousness of a truth varies much with differences of period and of place. It is even erroneous, in many if not in most instances, to regard them as precedents.” (9 Wigmore, Evidence [3d ed.], § 2580, pp. 571-572.) In any event, in view of the absence of legal precedent in this State — and, indeed, adequate judicial authority elsewhere — I am of the opinion that the testimony of an expert in the science of zoology would be more helpful in resolving the issue of fact than the citations of texts and digests on the law, however valuable these may be in other respects.
I hold that whether a monkey of the rhesus species imported from India is a wild animal or a mild one, and if the former, whether it may be trained to tameness is a question of fact. This is sufficient, on the defendant’s behalf, to present the issue requiring a trial as to liability. And I hold, too, that it is a question arising upon the present complaint, although the defendant — mistakenly, in my view — urges that the plaintiffs did not allege that the animal was savage, mischievous or ferocious. For, in paragraph 8 of the complaint, it is stated that the animal in question is a monkey, and in paragraph 9 the phrase used, “ a wild animal ”, is referable to the monkey. This is sufficient, on the plaintiffs’ behalf, to present the issue as to absolute liability.
The plaintiffs’ motion for summary judgment is denied, and an order to that effect has been signed and entered.