James W. GILBERT, as Representative of the Estate of Hettie Gilbert, Deceased, Appellant,

v.

Charles R. CANTER, Appellee.

No. 860.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 10, 1973.

Rehearing Denied Oct. 31, 1973.

D. John Leger, Stovall & Wilhite, Houston, for appellant.

Blake Tartt, Russell L. Cook, Jr., John F. Nichols, Fulbright, Crooker & Jaworski, Houston, for appellee.

CURTISS BROWN, Justice.

This is an automobile collision case. It was submitted to the jury on special issues,

and a take-nothing judgment was rendered against the plaintiff estate on the verdict. The jury found that the defendant/appellee (Canter) failed to keep a proper lookout, that he was driving at a rate of speed greater than a person using ordinary care would have driven, and that each of these acts or omissions was a proximate cause of the deceased's injuries. In addition, in response to issue number seven, the jury found that at the time defendant's truck became involved in the collision, the deceased "was in a place where a person exercising ordinary care would not have been." In response to issue number eight the jury found that her being in such a place was a proximate cause of her injuries.

Deceased was a passenger in a car driven by her son, Corbett Gilbert, on the Eastex Freeway on the morning of January 7, 1969. Uncontested evidence shows that the morning was foggy; visibility was poor and the pavement was wet. The Gilberts drove over an overpass, and when they reached the bottom on the far side, they were forced to stop on the freeway by reason of stopped cars. Less than a minute after stopping safely, the Gilbert car was struck from the rear. There is no testimony as to the exact effect of that collision, but Corbett Gilbert testified that he was not injured by it. The car was situated in the center lane of the three-lane freeway, and after the first collision, Corbett Gilbert got out of his car and began to walk to the left—toward the esplanade. Pursuant to objection made by the defendant, the jury was instructed to disregard Corbett Gilbert's testimony that his mother had gotten out of the car with him. The next thing Corbett Gilbert remembers is getting up off the pavement.

Defendant was driving his dump truck filled with stabilized shell. He was traveling in the inside lane nearest the esplanade in the same direction as the Gilberts. According to his testimony he first saw a Pontiac automobile stopped broadside across his lane and the center lane. It is not clear from the evidence whether this was the car that first hit the Gilberts' car. Defendant applied his brakes but was unable to stop before striking the Pontiac. The force of the collision carried both cars forward about ten feet and threw shell over the area in front of the truck. The testimony of Corbett Gilbert was that the car which first hit his car moved off to the right, rather than to the left as Canter claimed. This confusion on the facts can be understood in view of the fog and the fact that twenty cars, four trucks, and one bus were involved in the collision of which this incident was a part.

The deceased, who died several months after the collision, was found lying in the road between the front wheels of defendant's truck with shell over her. It is not clear whether defendant's truck hit her or whether she was knocked down by the flying shell after the truck and Pontiac collided. In fact, there is no direct evidence as to whether she got out of her car, was alighting from the car, or was thrown out by a collision. The Gilberts' car was severely damaged.

■ In his motion for new trial, plaintiff contended only that there was no evidence, or, in the alternative, insufficient evidence to support the jury's answer to issues number seven and eight dealing with contributory negligence and proximate cause. In order to secure agreement on an abbreviated statement of facts, the plaintiff/appellant filed a statement of the points on which he would rely on this appeal. That statement indicated reliance only on the points raised in the motion for new trial. In his brief appellant raises three points: (1) that the evidence is factually insufficient to support the jury's answer to issue number seven, (2) that the answer to issue number seven is "so against the great weight and overwhelming preponderance of the evidence as to be clearly wrong and unjust," and (3) that the answer to issue number eight is "so against the great weight and overwhelming

preponderance of the evidence as to be clearly wrong and unjust." Appellee urges that appellant's points (2) and (3) must be disregarded because they were not raised in the motion for new trial on which appellant agreed to rely. According to Rule 377a Texas Rules of Civil Procedure appellant is limited to those points he has agreed to rely on. This Court recognizes the distinction between a point of error on the sufficiency of the evidence and one on the great weight and preponderance of the evidence. See Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L. Rev. 361, 366 (1960). As a practical matter, however, these terms are often used interchangeably, and we would not wish to discourage the use of simplified pleading by drawing so narrow a distinction on this appeal. Primarily in view of the fact that both types of points of error invoke our fact-finding jurisdiction, we hold that all three of appellant's points are properly before us. Having considered all the evidence, in accordance with the rules established in In re Kings Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), we reverse the cause and remand for a new trial.

■ In considering the insufficiency point we must sustain it "if the evidence supporting the finding is so uncertain, inconsistent, improbable, or unbelievable that, although constituting some evidence of probative force when considered in its most favorable light in support of the finding, it would nevertheless be clearly unjust to permit the judgment to stand." Calvert, supra, 38 Texas L.Rev. at 367. In considering the point on the weight of the evidence we must sustain it if the finding, "considering all the evidence, is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. . . ." Calvert, supra, 38 Texas L.Rev. at 367–68.

■ There is no finding as to where the deceased was at the time of her injury. In order to sustain the jury's finding in response to issue number seven it would be necessary to surmise first where she actually was, and second whether her presence there placed her in a position more dangerous than any other place she might have been. The circumstantial evidence is insufficient to establish that she got out of the car before the defendant became involved in the collision. It is just as susceptible of the interpretation that she was alighting from the car, or was thrown from the car by a collision, or that she was injured inside the car in a collision and crawled out to get help. The deceased's position on the highway is certainly some evidence that she left the car before being injured, but that evidence is so uncertain, requiring speculation to be piled on speculation, that to permit this judgment to stand would clearly be unjust. That is especially true since appellee successfully objected to testimony of that very fact.

In view of our holding on appellant's insufficient evidence point, we find it unnecessary to consider the points on the weight of the evidence.

This case is reversed and remanded for a new trial.