**Tasha PATE by next friend Ann Pate, Appellant,**

v.

**E. B. YEAGER et ux., Appellees.**

**No. 1191.**

Court of Civil Appeals of Texas, Corpus Christi.

April 29, 1977.

Rehearing Denied June 23, 1977.

Wendell S. Loomis, Houston, for appellant.

Richard A. Hall, Branscomb, Gary, Thomasson & Hall, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is a personal injury suit which was brought by Tasha Pate, a minor, by her mother as next friend, against Mr. and Mrs. E. B. Yeager to recover damages for personal injuries alleged to have been inflicted upon her when a monkey, owned by the Yeagers, bit her finger. Trial was to a jury, which answered all liability issues favorably to defendants. The trial judge rendered a take nothing judgment. Plaintiff has appealed.

At the time of the occurrence in question (June 25, 1970), Tasha, a girl, was approximately four and one-half (4½) years old. She was about eleven and one-half (11½) years of age when the case was tried in July, 1976.

Plaintiff's suit is founded upon: 1) strict liability for knowingly keeping a dangerous and vicious animal who would attack any stranger who placed his or her hand within the monkey's cage, and 2) negligence in failing to keep the animal confined in a cage that made it impossible for a person, such as plaintiff, to insert a hand inside the cage. However, issues on negligence were neither requested nor submitted.

The jury, in response to the liability issues that were submitted, answered: the

monkey, on June 20, 1970, was not "an animal of such a nature as to be vicious." (Special Issue No. 1); plaintiff did "provoke or excite the monkey" (Special Issue No. 3).

Plaintiff objected to the submission of Special issue No. 1 for the reason that it was "not within the province of the jury to decide, but was a law question to be decided by the trial court in that the animal, being admittedly a monkey, was a wild animal and is an unreclaimed, unreconcilable wild animal, and as a matter of law was an unpredictable, vicious animal." She objected to the submission of Special Issue No. 3 on the ground that "there is no evidence, or insufficient evidence, from which the child, Tasha Pate, could be found by the jury to have excited or provoked the monkey."

■ Plaintiff, in point 2 contends that the trial court "erred in submitting Special Issue No. 1." She asserts in point 6 that the trial court "erred in submitting Special issue No. 3." No other grounds are set out in the points. We are unable to determine from the statement and argument pertaining to each point the specific error which is relied upon by plaintiff since the statement and argument in plaintiff's brief group the points with other points which are totally unrelated to points 2 and 6. We, therefore, hold that the points, as set out in the brief, are too vague and general to be considered in this appeal. They do not direct this Court's attention to any particular error. They do nothing more than assert error in submitting the issues. They do not comply with the requirement of Rule 418, T.R.C.P. *Blackmon & Associates, Inc. v. Palmer Building Supplies and Specialties, Inc.*, 463 S.W.2d 228 (Tex.Civ.App., Corpus Christi 1971, writ ref'd n. r. e.); *Pleasant Grove Builders, Inc. v. Phillips*, 355 S.W.2d 818 (Tex.Civ.App., Dallas 1962, writ ref'd n. r. e.); *Stolte v. Mack Financial Corporation*, 457 S.W.2d 172 (Tex.Civ.App., Texarkana 1970, no writ); *Wagon Wheel Club, Inc., v. Restaurant Equipment & Supply Co.*, 410 S.W.2d 788 (Tex.Civ.App., San Antonio 1967, no writ). Points 2 and 6 are overruled.

Plaintiff contends in point 1 that "the court erred in failing to rule that a monkey is an animus ferae naturae (an animal with a wild nature or disposition) as a matter of law." In point 3, it is asserted that "the court erred in failing to rule, as a matter of law, that a keeper of a wild animal is absolutely liable for its acts." Plaintiff further says in point 4 that "the court erred in failing to rule, as a matter of law, that it is not necessary for show the animal had committed prior dangerous acts for absolute liability to attack."

In most jurisdictions, wild animals, as opposed to domestic animals, are classified into two classes: 1) those, which, because of habit, mode of life, or natural instinct are of a savage and vicious nature and are incapable of being domesticated, and 2) those which may be domesticated to the point that they lost their native ferocity. In the latter class, where the animal in its natural state is a wild animal, but where it is capable of being domesticated and tamed, the general rule is that the owner is not liable for injuries caused by the domesticated (wild) animal unless negligence in the manner of keeping it is shown, or unless its propensity to attack was known to the owner or should have been known to him. See 3A C.J.S. Animals §§ 3, 170, 176.

The Supreme Court of Texas spoke to the issue in *Marshall v. Ranne*, 511 S.W.2d 255 (Tex.Sup.1974), where it held that "suits for damages caused by vicious animals should be governed by principles of strict liability", and approved the rule as stated in Restatement of Torts, § 507 (1938), which reads:

"§ 507. LIABILITY OF POSSESSOR OF WILD ANIMAL.

Except as stated in §§ 508 and 517, a possessor of a wild animal is subject to liability to others, except trespassers on his land, for such harm done by the animal to their persons, lands or chattels as results from a dangerous propensity which is characteristic of wild animals of its class or of which the possessor has reason to know, although he has exercised the utmost care to confine the animal or otherwise prevent it from doing harm."

The Court, on 511 S.W.2d page 259 of the published opinion, further stated:

". . . All animals are not vicious and a possessor of a non-vicious animal may be subject to liability for his negligent handling of such an animal. . . ."

In *The Congress and Empire Spring Company v. Edgar*, 99 U.S. 645, 25 L.Ed. 487 (1879) a particular large buck from among several deer attacked and injured the plaintiff. The court held that deer, although ferae naturae, may be domesticated, and when that is done, it becomes an animal of tame nature; and, in order to hold the owner liable for the hurt done by the deer, the owner must have had prior notice that the animal was vicious, or must have been negligent in some way.

The case of *Abrevaya v. Palace Theatre & Realty Co.*, 25 Misc.2d 600, 197 N.Y.S.2d 27 (Sup.Ct.1960), held that whether or not the character of the monkey which caused injury to the plaintiff was vicious is a fact issue, and refused to hold the owner liable as a matter of law.

Plaintiff relies on *Copley v. Wills*, 152 S.W. 830 (Tex.Civ.App., Dallas 1913, no writ), in supporting her contention that defendants, the possessor of a "wild" animal is strictly liable for any damage caused by the animal regardless of the animal's character and whether the animal, itself, is "vicious". That case is not controlling of the case at bar. Our Supreme Court, in *Marshall v. Ranne*, supra, characterized the action in *Copley v. Willis* as "an action for strict liability for keeping a vicious animal which one knew or had reason to know was vicious." That is not true of the instant case.

Here, the jury heard testimony that the monkey who bit plaintiff was a three-pound monkey, named "Mr. Jim". There is evidence of probative value that he was a family pet of 26 years duration; he was regularly petted; he played with children; he had never before bitten a child.

On or about June 25, 1970, Tasha, at the invitation of Theresa, a 10 year old grandchild of defendants, went to defendants' house to see the monkey, which was kept in a cage in the back yard. Theresa told her where she should place her hand so that the monkey "could reach out his hand and shake hands with her." Theresa did not remember anything that followed until she saw Tasha's hand inside the cage, when the monkey was biting her finger.

The record is not clear as to how Tasha's hand got inside the cage. Tasha said: "I'm not sure where I stuck my hand," but "I wiggled it . . . and the monkey came up and grabbed my hand." She further testified: "I started pulling it back, like we were playing tug-of-war with my finger, I guess, and then he got it up to his mouth, pulled his head sort of to my finger, then he bit."

There is no evidence that Mr. Jim ever deliberately attacked any person, although there is testimony that about two years before the occurrence in question he bit a Mr. Gene Brown. However, on that occasion, according to Mr. Yeager, the "monkey had a considerable teasing," and he was given "cigarettes, which made him nervous."

■ There is no evidence that either of the defendants had notice or had any reason to believe that monkeys generally, and Mr. Jim in particular, were of a vicious nature or had a bad disposition. A monkey's propensity in this regard and the Yeager's knowledge of Mr. Jim's character were fact issues which the trial court properly submitted to the jury. Whether Mr. Jim's bite was caused by provocation or excitement was also a fact question.

■ We hold that monkeys of the type here involved are properly classified as wild animals which are capable of being domesticated or tamed. The evidence shows conclusively that Mr. Jim was domesticated. Therefore, in order to hold the defendants liable for injuries caused by Mr. Jim, there must be proof that defendants knew that the animal was accustomed to do mischief, or that the defendants committed acts of negligence which proximately caused the injury. The question here presented is one of fact. It is not a question of law and was

not resolved as a matter of law. Points 1, 3 and 4 are overruled.

Plaintiff's point 5 reads:

"The court erred in failing to rule, as a matter of law, that a four year old child is exempt from the charge of contributory negligence."

Apparently the point is directed towards the submission of Special Issue No. 3, where, as has been stated, the court inquired whether or not Tasha, the plaintiff, provoked or excited Mr. Jim, and the jury answered: "she did." In the plaintiff's first amended motion for new trial, the statement is made that the trial court erred in overruling plaintiff's objection to the submission of the issue because it, in effect, placed "a burden on Tasha Pate, four years old at the time, of contributory negligence." That objection was made for the first time in the amended motion for new trial; therefore, even if meritorious, it was not preserved as a valid point on appeal. Furthermore, the trial court's judgment is not based upon the presence or absence of contributory negligence. The error, if any, and now claimed, was waived since it was not included in the objection to the charge. Point 5 has no merit, and is overruled.

Point 8 reads:

"The court erred in failing to grant a new trial because the jury's answer to Special Issues 4, 5, and 6 are against the great weight and preponderance of the evidence and the amounts are inadequate."

The jury, in its answer to the issues, found that plaintiff was entitled to $77.00 for medical expenses (Special Issue No. 4), and $4,500.00 for physical pain and mental anguish, both past and present, and for physical impairment (Special Issue No. 6). It further found that Ann Pate, the mother of Tasha, was not entitled to recover anything for her loss of Tasha's services which resulted from the injury which Tasha sustained (Special Issue No. 5).

■ The point lodges two separate and distinct complaints (against the great weight and preponderance of the evidence, and inadequate awards). The point also complains of three separate and distinct special issues relating to jury findings with respect to damages. Without regard to the lack of merit of the matters complained of in point 8, the point is clearly multifarious. It complains of answers to three separate issues, not related to one another, and asserts two different reasons why the answers of the jury to each of the three separate issues is incorrect. Multifarious assignments are not considered on appeal. *Ives v. Watson,* 521 S.W.2d 930 (Tex.Civ. App., Beaumont 1975, writ ref'd n. r. e.); *Tex-Wash Enterprises, Inc. v. Robna, Inc.,* 488 S.W.2d 504 (Tex.Civ.App., Waco 1972, writ ref'd n. r. e.); *T J Service Company v. United States Fidelity & Guaranty Company,* 472 S.W.2d 168 (Tex.Civ.App., Corpus Christi 1971, writ ref'd n. r. e.); *Barber v. Corpus Christi Bank & Trust,* 506 S.W.2d 254 (Tex.Civ.App., Corpus Christi 1974, no writ).

■ Not only is point 8 multifarious, it is also immaterial. In view of the plaintiff's failure to obtain findings of fact which would render the defendants liable, any error in the jury's answers to the damage issues is immaterial, and affords no basis for a reversal of the trial court's judgment. *Southern Pine Lumber Co. v. Andrade,* 132 Tex. 372, 124 S.W.2d 334 (1939, opinion adopted). Point 8 is overruled.

We have carefully considered point 7, plaintiff's remaining point of error. The point is overruled.

The judgment of the trial court is AFFIRMED.