Enedina **SALAZAR**, Appellant,

v.

Selma **VALDEZ**, Appellee.

No. 1418.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1979.

B. Mills Latham, Corpus Christi, for appellant.

M. W. Meredith, Jr., Meredith, Donnell & Edmonds, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is an automobile intersectional collision case. The plaintiff, Enedina Salazar, brought suit against Selma Valdez for alleged injuries received in a collision at the intersection of South Staples and Williams Street in Corpus Christi, Texas. The jury found that both parties were negligent and that such negligence was a proximate cause of the occurrence in question. The jury was then asked if the plaintiff Salazar was injured as a result of the occurrence in question. The jury found that she was not injured (special issue number ten). In the next eight special issues, the jury was asked to find the amount of money the plaintiff Salazar should receive for the various damages that would fairly compensate her for the injuries, if any. The jury found "zero" on each issue. No complaint is made of these damage findings.

Mrs. Salazar, as Appellant, complains of the take-nothing judgment in three points of error. Points of error number one and two are: "The jury's answer to special issue number ten (that she was not injured) was against the great weight and preponderance of the evidence," and 2) that the answer to this special issue (number ten) was contrary to the conclusive evidence.

In considering the evidence points of error, we are guided by the familiar rules set out in Judge Calvert's article, "No Evidence" and "Insufficient Evidence" 38 Tex. L.Rev. 359 (1960); and the Supreme Court cases in *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1957); and *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965).

The record shows that the parties to this law suit were involved in a minor accident at an intersection. The accident was of such a minor nature that neither party was even aware that an accident had occurred until they heard the noise that it made. Photographs of the damage to each car showed only a small scrape on the side of Mrs. Salazar's vehicle, and not even a scratch or broken headlight on the Valdez vehicle. The investigating police officer inquired as to whether either party was injured. Both of them stated that they were "okay."

At the time of the accident, Mrs. Salazar was temporarily employed as a clerk for the Texas Employment Commission. She worked the maximum number of hours her job would permit. She thereafter applied for unemployment compensation, not because of the accident, but because she did not have a job and was looking for work. Subsequently, she went to work for the City of Corpus Christi, and has been able to do her job without any disability.

According to plaintiff Salazar, she saw her family physician, who prescribed muscle relaxants and pain medication, and later sent her to a physical therapist for treatment. Neither of these specialists were called to testify on behalf of Mrs. Salazar. Approximately three months after the accident, plaintiff Salazar was examined and treated by a Dr. George Barnes, an orthopedic surgeon. He testified by deposition. He stated that x-rays taken by him of plaintiff Salazar did not reveal anything wrong with the bony structure of her back. He testified that Mrs. Salazar's tendon reflex was intact; that there was no sensory loss; the motion of the lumbar spine was not restricted; and that she was able to rise from a sitting position without difficulty. He did testify that when he saw her, she was tender over the right sciatic notch. On cross-examination, Dr. Barnes testified that

in treating a patient, including Mrs. Salazar, and in trying to relieve a patient's complaints, a doctor has to take pretty much at face value everything that a patient tells the doctor as to whether she is hurting and where she is hurting. The doctor admitted that her statements in this regard would have an effect on his opinion.

Plaintiff Salazar's testimony as an interested witness raised a question as to her credibility for the jury to determine. *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956); *Neuhaus v. Kain*, 557 S.W.2d 125 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd, n. r. e.). The jury did not believe that she was injured. We therefore overrule Appellant's first and second points of error.

Appellant's point of error number three is as follows: "When taken as a whole, the jury verdict was so against the great weight and preponderance of the evidence as to show that the jury in answering the Special Issues was motivated by bias, prejudice and/or sympathy or some other motive not in keeping with the ends of justice." This point of error does not comply with Rule 418, T.R.C.P., as it fails to direct the attention of the Court to any error relied upon. This Court has overruled such points of error as being too vague and general, and failing to direct us to any particular error for our consideration on numerous occasions. See: *Pate v. Yeager*, 552 S.W.2d 513 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd, n. r. e.); *Rio Delta Land Co. v. Johnson*, 566 S.W.2d 710 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd, n. r. e.); *K & S Oil Well Service, Inc. v. Cabot Corporation, Inc.*, 491 S.W.2d 733 (Tex.Civ. App.—Corpus Christi 1973, writ ref'd, n. r. e.); *Inman v. Padrezas*, 540 S.W.2d 789 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Blackmon & Assoc., Inc. v. Palmer Bldg. Sup. & Spec., Inc.*, 463 S.W.2d 228 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd, n. r. e.). Even so, Appellant Salazar's only argument under this point is directed to the jury's finding that her failure to keep a proper lookout attributed to 30% of the cause of the accident. She states that this finding is proof that the jury was motivated by bias, prejudice, or some other motive inconsistent with a just verdict. We do not agree. In any event, the jury's answer to special issue number ten (that she was not injured), makes this argument and this point of error moot.

The appellant has made no complaint regarding the jury's findings of "zero" to all of the damage issues (issues 11, 12, and 13 a through f). Even if the record could uphold Appellant's contention that she had been injured, the appellant's failure to complain of the jury's "zero" findings on the damage issues would cause any such error to become immaterial on appeal. We, therefore, overrule all of Appellant's points of error, and affirm the judgment of the trial court.

AFFIRMED.