**Trinidad LOPEZ, Appellant,**

v.

**Lazaro HERNANDEZ, Appellee.**

**No. 1454.**

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 31, 1980.

Rehearing Denied March 13, 1980.

Lee Mahoney, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for appellant.

B. Mills Latham, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This case involves an appeal by defendant Trinidad Lopez from a judgment for plaintiff Lazaro Hernandez in a multi-automobile collision controversy wherein the primary issue concerns the legal and factual sufficiency of the evidence to support the jury findings: 1) that defendant moved his vehicle from an outside lane of a roadway to an inside lane when it would not have appeared to a person using ordinary care that such movement could be made with safety, and 2) that such action was a proximate cause of plaintiff's injuries. A secondary issue relates to damages in the amount of $3,000.00 awarded by the jury to plaintiff for loss of physical capacity in the future. The parties will be referred to as "plaintiff" and "defendant," as they were in the trial court.

On the day of the accident, plaintiff was a passenger in an eastbound automobile (hereinafter referred to as plaintiff's automobile) traveling in the inside lane of U. S. Highway 44 near Clarkwood, Texas. At the same time, defendant was driving his eastbound vehicle in the outside lane of Highway 44 ahead of plaintiff's automobile. Suddenly, a pickup truck entered the eastbound outside lane of Highway 44 in front of defendant's vehicle. Defendant skidded into the eastbound inside lane and there was a collision between his and plaintiff's vehicle. Both vehicles came to a stop. Shortly thereafter, a truck traveling in the eastbound inside lane struck plaintiff's automobile. Plaintiff suffered a broken leg as the result of the second collision.

Plaintiff, along with the owner and driver of the car in which he was a passenger, brought suit for personal injuries against defendant and the owner of the truck involved in the second collision. Eventually, all parties, except for plaintiff and defendant, were either non-suited or dismissed from the lawsuit.

The accident occurred during the early morning hours of January 18, 1971. The day was foggy and the highway was wet. Defendant testified that he was proceeding eastbound in the outside lane at approximately thirty-five miles per hour when a pickup truck entered his lane from the north about one hundred feet ahead of him. According to defendant, he then applied his brakes slowly but his vehicle began to slide over into the inside lane. Defendant testified unequivocally that he did not "slam" his brakes, lock his wheels or turn his steering wheel away from his straight eastbound course. This testimony was corroborated by a passenger in defendant's vehicle at the time of the accident. Such testimony was not disputed by any of plaintiff's witnesses.

The only other evidence concerning the issue of movement of defendant's vehicle was the testimony of T. E. Jenkins, a member of the Corpus Christi Police Department. Officer Jenkins testified that Highway 44, on the date of the accident, was extremely slick when wet, making it diffi-

cult for the driver of a vehicle to maintain control thereof. At the time in question, small dips were in this particular highway, in which water collected. Officer Jenkins further testified that a vehicle on a slippery roadway would continue in a straight direction unless it went into a slide, and that sliding *could* be caused by "slamming" the brakes, turning the steering wheel too sharply, or coming into contact with objects in the roadway, such as large rocks, or dips in the road.

After the close of the evidence the case was submitted to the jury on special issues. The jury found that defendant: 1) failed to make such application of his brakes as a person using ordinary care would have made (Special Issue No. 1); 2) "slowed his vehicle more suddenly" than a person using ordinary care would have done (Special Issue No. 3); 3) "moved his vehicle from the outside lane to the inside lane when it would not have appeared to a person using ordinary care that such movement could be made with safety" (Special Issue No. 5); and 6) that the movement inquired about in Special Issue No. 5 proximately caused the accident (Special Issue No. 6). The findings by the jury in response to Special Issues Nos. 1 and 2 were found not to have been proximate causes of plaintiff's injuries.

■ Defendant first contends the trial court erred in entering a judgment based upon the jury's answer to Special Issue No. 5 because it was not an ultimate issue. An ultimate fact is one that is essential to the right of action or matter of defense, and the trial court is under the duty of submitting only ultimate or controlling issues. *Perales v. Braslau's Furniture Co.*, 493 S.W.2d 638 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.). The composition of Special Issue No. 5 apparently was taken verbatim from 1 Tex. Pattern Jury Charges § 5.10 (1969). Defendant made no objection to the submission of Special Issue No. 5 as part of the court's charge. Therefore, the asserted error, if any, has been waived; defendant's first point is not before us in this appeal. Rule 272, T.R.C.P.; *Pate v. Yeager*, 552 S.W.2d 513 (Tex.Civ.App.—

Corpus Christi 1977, writ ref'd n. r. e.); *Louisiana Pacific Corp. v. Smith*, 553 S.W.2d 771 (Tex.Civ.App.—Tyler 1977, no writ). Furthermore, we are of the opinion that the issue was an ultimate issue in this case. Rule 279, T.R.C.P. The first point is overruled.

Defendant further contends that the trial court erred in rendering judgment in favor of plaintiff based upon the jury's answer to Special Issue No. 5 because: 1) there was "no evidence to support either the submission of the issue or the answer thereto; 2) the evidence was "factually insufficient" to support either the submission of the issue or the answer thereto; and 3) the jury's answer to the issue was "against the overwhelming weight and preponderance of the evidence." The same contentions are made with respect to Special Issue No. 6, the proximate cause issue, which was to be answered only if the jury answered "We do" to Special Issue No. 5. We follow the well-established rules relating to the disposition of "no evidence," "factually insufficient evidence," and "against the overwhelming weight and preponderance of the evidence" points.

■ We cannot consider defendant's "no evidence" points *as such* because they are not predicated upon any of the necessary prejudgment objections and motions: a) objection to submission to the jury of a vital fact issue; b) motion for instructed verdict; c) motion to disregard jury's answer to a vital fact issue; or d) motion for judgment non obstante veredicto. Hence, we can only treat the "no evidence" points presented in this appeal as factual insufficiency points, which, if meritorious, require a reversal and remand to the trial court for a new trial. *Commercial Insurance Company of Newark, New Jersey v. Puente*, 535 S.W.2d 948 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.); *Ward v. Shriro Corporation*, 579 S.W.2d 257 (Tex.Civ.App.—Dallas 1978, no writ); Calvert, "No Evidence" and "Insufficient Evidence," 38 Tex.L.Rev. 359.

■ Plaintiff argues that the jury's answers in response to Special Issues Nos. 5 and 6 not only are fully supported by the

evidence, but that such answers constitute sufficient proof that defendant violated Tex.Rev.Civ.Stat.Ann. art. 6701d, § 60(a) (1977).[1] Defendant contends that plaintiff did not meet his burden of proving that he violated section 60(a) of the statute. He argues that in order to establish such a violation, it was incumbent upon plaintiff to prove a conscious, knowledgeable and intentional act by him (defendant), the purpose of which was to cause his vehicle to change lanes. We do not agree. Such a characterization of plaintiff's burden of proof under section 60(a) runs contrary to the purpose of the statute which is to identify a particular act of driving as unlawful if performed negligently. While we agree that a violation of section 60(a) in the case at bar requires a conscious act on the part of defendant, it is not necessary for plaintiff to prove the purpose of such conscious act, which, in the instant case, was to change lanes. We hold in this case that section 60(a) would have been violated by proof of the commission of a conscious act, the foreseeable consequence of which was a changing of lanes, when such a change would have constituted common law negligence.

■ Section 60(a) of Article 6701d prescribes only that the driver must exercise ordinary care. See *Impson v. Structure Metals, Inc.*, 487 S.W.2d 694, 695 n. 1 (Tex. Sup.1972); *Franco v. Burtex*, 586 S.W.2d 590, 593 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.); *Garcia v. Caletka*, 486 S.W.2d 880, 883 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.). Section 60(a), like sections 67, 68(a) and 72, of the statute comes within that class of statutes in which the common-law standard of the reasonably prudent man must be used in determining as a matter of fact, not as a matter of law, whether the conduct of a motorist is negligent. See *Booker v. Baker*, 306 S.W.2d 767, 773–74 (Tex.Civ.App.—Dallas 1957, writ ref'd n. r. e.). Under section 60(a), it has been held that a person traveling upon a multi-lane roadway has the right

to assume, in the absence of any indication to the contrary, that a fellow traveler will continue in the lane of travel selected by him. *Dent v. Falvey*, 371 S.W.2d 63, 65 (Tex.Civ.App.—Beaumont 1963, no writ). Furthermore, where one lane is obstructed, traffic in the other lanes has the right of way, and in the absence of notice that a person in the obstructed lane intends to cross, the free traffic may move onward. Id. at 66.

■ Evidence is factually insufficient if it is so uncertain, inconsistent, improbable, or unbelievable that, although constituting some evidence of probative force when considered in its most favorable light in support of the findings, it would, nevertheless, be clearly unjust to permit the judgment to stand. *Gilbert v. Canter*, 500 S.W.2d 557 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.). Furthermore, although an ultimate fact may be shown by wholly circumstantial evidence, *Prudential Insurance Co. v. Krayer*, 366 S.W.2d 779 (Tex.Sup.1963), if circumstances relied on are equally consistent with evidence of the nonexistence of the ultimate fact sought to be established, they do not constitute evidence of that fact. *Brazos Valley Harvestore Systems, Inc. v. Beavers*, 535 S.W.2d 797 (Tex.Civ.App.—Tyler 1976, writ dism'd); *Bell Aerospace Corp. v. Anderson*, 478 S.W.2d 191 (Tex.Civ.App.—El Paso, 1972, writ ref'd n. r. e.). Testimony that something *could* have occurred is no evidence that it did occur. *Volkswagen of America v. Licht*, 544 S.W.2d 442 (Tex.Civ.App.—El Paso 1976, no writ); *Johnston Testers v. Rangel*, 435 S.W.2d 927 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.).

■ Only three theories were offered as to why defendant's vehicle slid into the inside lane. The first two involve conscious act on the part of defendant. First, Officer Jenkins theorized that defendant's vehicle could have slid into the inside lane because defendant turned his steering wheel. There was no direct evidence that this occurred, and defendant unequivocally denied

---

1. Tex.Rev.Civ.Stat.Ann. art. 6701d, § 60(a) provides:

"The driver of a vehicle shall drive as nearly as practical entirely within a single lane and shall

not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

it. Second, Officer Jenkins theorized that the unfortunate slide might have been caused by the "slamming" of brakes. Again, defendant vehemently denied this. There was no evidence that defendant "slammed" his brakes. Finally, although Officer Jenkins testified that the slide *"could"* have been caused by objects, dips or puddles of water in the roadway, there was no evidence of probative value that any objects, dips or puddles were on the roadway at the scene of the accident on the day in question.

None of the theories advanced by Officer Jenkins are supported by any evidence. There is no evidence that defendant *moved* his vehicle from one lane to the other, as found by the jury in its answer to Special Issue No. 5.

Even though defendant failed to preserve his "no evidence" points *as such*, we treat them as "factually insufficient evidence" points. Accordingly, the points complaining that there was no evidence and that the evidence was factually insufficient to support the jury's answer to Special Issue No. 5 are sustained. It is not necessary to consider defendant's remaining points of error.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court for a new trial.