## A. Y. McDONALD MANUFACTURING COMPANY
### *v.* Earnest SHACKELFORD

83-95                                                                 652 S.W.2d 8

Supreme Court of Arkansas
Opinion delivered May 31, 1983
[Rehearing denied July 5, 1983.]

*Smith & Smith,* by: *Raymond C. Smith,* for appellant.

*Matthew T. Horan;* and *Putman, Gallman & Dickson,* by: *E. E. Maglothin,* for appellee.

DARRELL HICKMAN, Justice. The question is whether it is usury, in violation of the Arkansas Constitution, for a creditor to charge a monthly rate of interest on an open account which exceeds 10% per annum on a monthly basis but would not exceed 10% if figured on an annual basis. The trial court held that it was usury and we affirm the judgment.

McDonald Manufacturing is a Missouri firm that sold goods to Shackelford, an Arkansas plumbing and heating contractor. McDonald sold the goods on an open account and this transaction began in 1978. In 1979, when the account became delinquent, McDonald began adding a "penalty" to each monthly bill and did this for four months. In July the overdue amount was $7,889.02 and the extra charge was $118.34; in August a $171.89 penalty was added to the overdue amount of $11,459.24; in September the amount due was $14,725.34 and the penalty was $220.80; in October, the last time a penalty was charged to Shackelford, the penalty was $330.73 on a principal amount of $13,229.11. Those charges amounted to 1.5% or 18% per year from July through September. In October the charge amounted to interest of 30% per annum.

McDonald filed suit and Shackelford defended on the basis of usury, which, if proved, would void the debt both as to principal and interest. ARK. CONST., art. 19 § 13.

The trial court heard the case sitting as a jury and the facts are essentially undisputed. Beginning in October of

1979, McDonald's monthly bill to its customers, noted at the bottom: "Past due invoices subject to 1-1/2% (ANNUAL RATE of 18%) service charge per month." No penalty charges were made until the account had been delinquent for some time. Then, according to McDonald's credit manager, a penalty was added to encourage Shackelford to pay the account. The credit manager said he was especially aware of Arkansas's severe penalty for usury and therefore manually calculated the charge so it would not exceed 10% per annum. But, no doubt, this employee was figuring on an annual basis what the interest would be but the charge was made on a monthly basis.

First, we agree with the trial court's conclusion the penalty was interest, and that is not seriously disputed. *See Arkansas Savings & Loan Assn.* v. *Mack Trucks of Arkansas,* 263 Ark. 264, 566 S.W.2d 128 (1978); *Bunn* v. *Weyerhauser,* 268 Ark. 445, 598 S.W.2d 54 (1980).

In *Brooks* v. *Burgess,* 228 Ark. 150, 306 S.W.2d 104 (1957), we held the debtor need not agree to a usurious rate of interest in order for the charge to be void; it is enough that the rate is charged. In *Cagle* v. *Boyle Mortgage Co.,* 261 Ark. 437, 549 S.W.2d 474 (1974), we held that it is not necessary for the interest to have been actually collected to violate the constitution because the violation is in the charge. *Superior Improvement Co.* v. *Mastic Corp.,* 270 Ark. 471, 604 S.W.2d 950 (1980), held that interest charged on a monthly basis violates the constitution even though over 10% would not be collected if the debt was considered on an annual basis. The reason for this is obvious: The debt in such a case is not one payable in a year. It is due monthly. So a creditor cannot charge over 10% monthly on an open account and then hope to stop short later, before the end of the year, and actually collect less than 10% of the sum figured on an annual basis.

In *Parks* v. *E. N. Beard Hardwood Lumber, Inc.,* 263 Ark. 501, 565 S.W.2d 615 (1978), we dealt with interest charged on an open account and found no usury. But the amount charged monthly was less than 10% per annum.

Affirmed.