OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

January 14, 2002

The Honorable Phil Garrett
Palo Pinto County Attorney
P. O. Box 190
Palo Pinto, Texas 76484

Opinion No. JC-0451

Re: Whether a driver who falls asleep and drives off the road has committed an offense under section 545.060(a) of the Transportation Code (RQ-0421-JC)

Dear Mr. Garrett:

You ask whether a driver who falls asleep and drives off the road has committed an offense under section 545.060(a) of the Transportation Code. *See* TEX. TRANSP. CODE ANN. § 545.060(a) (Vernon 1999) (offense of failure to drive in a single marked lane). You believe the statute requires a conscious act and cannot apply to a person who acts while asleep.[1] Whether particular conduct violates a criminal statute involves questions of fact beyond the purview of this office[2] and, moreover, is ultimately a matter within the province of a trier of fact in a criminal prosecution. Although we cannot resolve this issue in any particular case, we hope the following analysis of the legal issues raised by your request will be of some assistance. *See generally* Tex. Att'y Gen. Op. No. JM-892 (1988) at 2 ("[T]his office will not in an Attorney General's Opinion presume to advise your office on the proper exercise of prosecutorial discretion or on the availability of a remedy in a particular case. . . . [T]his opinion is confined to the narrow legal issues presented.").

Section 545.060(a) provides as follows:

> (a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
>
> (1) shall drive as nearly as practical entirely within a single lane; and

---

[1]*See* Letter from Honorable Phil Garrett, Palo Pinto County Attorney, to Susan Denmon Gusky, Chair, Opinion Committee (Aug. 17, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); M-187 (1968) at 3 ("[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").

> (2) may not move from the lane unless that movement can be made safely.

TEX. TRANSP. CODE ANN. § 545.060(a) (Vernon 1999). An offense under this provision is a misdemeanor. *See id.* § 542.301. This section governs driving within a single lane and moving from one lane to another. We note that you are concerned about a driver who has driven off the road rather than a driver who has necessarily changed lanes. Given that you specifically ask about this statute, however, we limit our analysis accordingly. We do not consider other statutes that might apply to a driver who moves out of a traffic lane. *See, e.g., id.* §§ 545.051 (driving on right side of roadway), .058 (driving on shoulder); *see also Giffin v. State*, 54 S.W.3d 820, 823 (Tex. App.–Texarkana 2001, pet. filed) (Transportation Code section 545.051 "states that a vehicle operator shall drive on the right half of the roadway. Traveling across the yellow line into oncoming traffic is a traffic violation in itself and does not require the additional element of an unsafe maneuver by the driver as does" section 545.060(a)).

You are concerned about the requisite mental state, if any, that would be required to prosecute and convict under section 545.060(a) a person who falls asleep while driving. You ask in essence whether the section 545.060(a) offense requires a culpable mental state or is, on the other hand, a "strict liability" offense, an offense for which no culpable mental state must be alleged or proven. *See* Request Letter, *supra* note 1. Chapter 6 of the Penal Code governs this issue for most offenses, providing in section 6.02 that:

> (a) Except as provided in Subsection (b), a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

> (b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

> (c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b), intent, knowledge, or recklessness suffices to establish criminal responsibility.

> (d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

> > (1) intentional;

> > (2) knowing;

(3) reckless;

(4) criminal negligence.

(e) Proof of a higher degree of culpability than that charged
constitutes proof of the culpability charged.

TEX. PEN. CODE ANN. § 6.02 (Vernon 1994); *see also id.* § 1.03(b) ("The provisions of Titles 1, 2, and 3 apply to offenses defined by other laws, unless the statute defining the offense provides otherwise . . . ."). Section 545.060(a) of the Transportation Code does not prescribe a culpable mental state. *See* TEX. TRANSP. CODE ANN. § 545.060(a) (Vernon 1999), *supra.* Nevertheless, under section 6.02 of the Penal Code, "a culpable mental state is . . . required unless the definition plainly dispenses with any mental element." TEX. PEN. CODE ANN. § 6.02(b) (Vernon 1994). Thus, we must determine whether section 545.060(a) dispenses with any mental element.

We are not aware of any case addressing whether section 545.060(a) requires a culpable mental state or whether it is a strict liability statute. The determination whether an offense is a strict liability offense generally involves the consideration of a number of factors, such as the language of the statute, the subject of the statute, and the severity of the penalty. *See generally Aguirre v. State,* 22 S.W.3d 463, 471-76 (Tex. Crim. App. 1999) (en banc) (discussing factors used to determine whether offense imposes strict liability); *Tovar v. State,* 978 S.W.2d 584, 587-88 (Tex. Crim. App. 1998) (en banc) (holding that Open Meetings Act offense imposes strict liability).

Although there is no case law on whether an offense under section 545.060(a) requires a culpable mental state, we believe a court would conclude that the statute prescribes a strict liability offense. Courts have held that at least three traffic-related offenses – speeding, driving while intoxicated, and driving with a suspended license – are strict liability offenses, *see Zulauf v. State,* 591 S.W.2d 869 (Tex. Crim. App. [Panel Op.] 1979) (legislature dispensed with culpable mental state as element of the offense of speeding); *Ex parte Ross,* 522 S.W.2d 214, 217 (Tex. Crim. App. 1975) (culpable mental state is not an essential element of the offense of driving while intoxicated); *Reed v. State,* 916 S.W.2d 591, 592 (Tex. App.–Amarillo 1996, pet. denied) (culpable mental state is not an element of offense of driving while intoxicated); *Clayton v. State,* 652 S.W.2d 810, 811 (Tex. App.–Amarillo 1983, no pet.) (culpable mental state is not an element of offense of driving while license suspended), and have intimated that other traffic-related offenses may also impose strict liability, *see Honeycutt v. State,* 627 S.W.2d 417, 424 n.4 (Tex. Crim. App. [Panel Op.] 1981) ("a culpable mental state is not a requisite for charging the offense of driving an automobile while intoxicated, speeding, nor for many of the other traffic type offenses set out in art. 6701d, V.A.C.S." now codified in the Transportation Code) (citations omitted). Like the other traffic offenses that courts have found to impose strict liability, section 545.060(a) has its roots in the same civil code provisions and uses the same kind of "absolutely obligatory" language. *See* TEX. TRANSP. CODE ANN. § 545.060(a) (Vernon 1999) ("An operator . . . *shall* drive . . . and . . . *may not* move from the lane . . . .") (emphasis added); *Zulauf,* 591 S.W.2d at 872-73 (relying on legislature's use of the "absolutely obligatory" language "no person shall drive . . ." to conclude that legislature "intended

to make speeding a strict liability offense where liability would not be contingent on allegation of a culpable mental state").

Furthermore, several courts have set out the elements of an offense under section 545.060(a). *See, e.g., Aviles v. State,* 23 S.W.3d 74, 77 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd); *Hernandez v. State,* 983 S.W.2d 867, 871 (Tex App.–Austin 1998, pet. denied); *Atkinson v. State,* 848 S.W.2d 813, 815 (Tex. App.–Houston [14th Dist.] 1993, pet. ref'd); *Hamilton v. State,* 820 S.W.2d 941, 942 (Tex. App.– Houston [1st Dist.] 1991, no pet.). The elements of failure to drive in a single marked lane are: "(1) a person (2) drives or operates (3) a motor vehicle (4) within a single marked lane, and (5) moves from that lane without first ascertaining that such movement can be made with safety." *Aviles,* 23 S.W.3d at 77 (citing *Hernandez* and *Atkinson*) (emphasis omitted). Although these cases do not specifically address whether the offense requires a culpable mental state, we find it highly persuasive that none of these cases indicate that the offense requires a culpable mental state. *See Clayton,* 652 S.W.2d at 812 (holding that offense of driving while license suspended is a strict liability offense supported by numerous cases reciting elements of offense without any mention of culpable mental state). We believe a court would conclude that section 545.060(a) is a strict liability offense. In that case, a person who changes lanes while asleep may violate the statute.

Even in the event a court decides that section 545.060(a) is not a strict liability offense, then, under section 6.02 of the Penal Code, "intent, knowledge, or recklessness suffices to establish criminal responsibility." TEX. PEN. CODE ANN. § 6.02(c) (Vernon 1994). "Recklessness," the lowest degree of culpability of the three, is defined as follows:

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

*Id.* § 6.03(c). We can imagine a set of circumstances under which a trier of fact could determine that a driver's failure to stay in a single lane and to move from the lane safely because he or she was asleep at the wheel "constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.*

Again, you believe that "[a] driver who falls asleep while driving and drifts off the road cannot be committing the offense of Failure to Drive in a Single Lane because such a violation requires a conscious act." Request Letter, *supra* note 1, at 2. In support of your contention, you cite *Lopez v. Hernandez,* 595 S.W.2d 180 (Tex. Civ. App.–Corpus Christi 1980, no writ), which states that a violation of the statute requires "a conscious act" on the part of the defendant, *see id.* at 183.

In that case, the plaintiff had sued the driver of an automobile for personal injuries arising out of a collision. One of the issues on appeal was whether plaintiff had proven that the driver had violated the statutory predecessor to section 545.060(a) for purposes of establishing the driver's negligence. *See id.* (opining that the statute "comes within that class of statutes in which the common-law standard of the reasonably prudent man must be used in determining as a matter of fact, not as matter of law, whether the conduct of a motorist is negligent"). The court's discussion of the statute in the context of the legal and factual standard for common-law negligence in a civil action is not dispositive of the elements of the offense in a criminal case.

In sum, although we cannot determine in any particular instance whether a person has violated section 545.060(a), we conclude that the fact that a driver was asleep when he or she moved from the single lane does not as a matter of law remove that person's conduct from the scope of the statute.

## S U M M A R Y

Although this office cannot determine in any particular instance in an attorney general opinion whether a person has violated section 545.060(a) of the Transportation Code, the offense of failure to drive in a single marked lane, the fact that a driver was asleep when he or she moved from the single lane does not as a matter of law remove that person's conduct from the scope of the statute.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee